**UNITED STATES of America**

v.

**Michael KOKIN, Gustave Dave Lange and Eastern Firearms Company, Appellants.**

**No. 15704.**

United States Court of Appeals Third Circuit.

Argued May 24, 1966.

Decided July 29, 1966.

———◆———

Eugene F. Hayden, Parlin, N. J. (Hayden & Gillen, Parlin, N. J., Karl R. Meyertons, South River, N. J., on the brief), for appellants.

Mark E. Litowitz, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for complainant-respondent.

Before HASTIE and GANEY, Circuit Judges, and WRIGHT, District Judge.

PER CURIAM:

■ The appellants, dealers in firearms, have been convicted of dealing in and transferring machine guns, as defined in 26 U.S.C. § 5848(2), without such registration and payment of taxes as the law requires. See 26 U.S.C. §§ 5811, 5814, 5801(a) (2), 5802. The case presents a threshold question of jurisdiction because notice of appeal was filed after conviction but before sentences were imposed and judgment entered. However, we are now satisfied that the prematurity of the notice of appeal need not prevent us from considering and deciding these appeals on their merits. Cf. Lemke v. United States, 1953, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3; 8 Moore Federal Practice, 2d ed. 1965, § 37.05[2].

■ On the merits, the principal question presented by this appeal is whether, in the circumstances of this case, the sale and transfer of an M-1 carbine, itself not a machine gun, together with all the parts necessary to convert it into an M-2 carbine, a type of machine gun, constituted such a transfer of a machine gun as the statute contemplates and regulates.

In the circumstances elaborated in the opinion of the district court and for the reasons there stated we are satisfied that, to the extent found by the district court, the appellants have violated the law and subjected themselves to the fines imposed.

The judgment will be affirmed.