UNITED STATES of America, Appellee,

v.

Charles Whitted LEAVELL, Appellant.

UNITED STATES of America, Appellee,

v.

Jack Simmons HORGER, Appellant.

UNITED STATES of America, Appellee,

v.

John Michael O'BERRY, Appellant.

Nos. 11282, 11286, 11287.

United States Court of Appeals Fourth Circuit.

Argued Oct. 2, 1967.

Decided Nov. 6, 1967.

777

M. M. Weinberg, Jr., Sumter, S. C., (Shepard K. Nash, Sumter, S. C., on the brief) for appellant Charles Whitted Leavell.

W. T. Klapman, Orangeburg, S. C., (Court appointed counsel) for appellants Jack Simmons Horger and John Michael O'Berry.

Charles Porter, Asst. U. S. Atty., (Terrell L. Glenn, U. S. Atty., on the brief) for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

In a fair trial in the district court, the participation of defendants in an unlawful conspiracy to violate the National Firearms Act and guilt of related substantive offenses [1] was established beyond all reasonable doubt. Both Horger and O'Berry sold submachine guns fully assembled and ready to fire automatically to undercover government agents. On the Sunday morning agreed upon by Horger and undercover agents for the transfer and sale of sixteen .50 caliber machine guns, Leavell delivered to Horger's home nine or ten wooden boxes containing (with what had been delivered by him the night before) all of the necessary parts to assemble 16 fully operational machine guns. Nothing was lacking except pintle and elevation traversing mechanism, neither of which is essential to automatic operation. Horger and O'Berry paid Leavell $2,000.00 in cash and agreed to pay him $2,000.00 more, an amount of money quite inconsistent with Leavell's contention that he merely sold demilitarized or scrap machine gun parts not intended for assembly. From Horger's testimony at the trial the jury could fairly infer that Leavell agreed to sell and did sell machine guns—not just parts.

The district judge fairly presented the defendant's contention and correctly charged the jury, we think, as follows:

"[T]hat in determining whether the 50 caliber machine gun parts seized by the government at the Horger shed were possessed in violation of the National Firearms Act it is necessary that you determine from the evidence in the case that such lot of parts contained all necessary and essential parts needed for assembling of a machine gun; and that the accused knew that such parts were to be used, transferred, or dealt with as a complete machine gun, and with the intent to further such purpose."

In viewing such conduct as within the ambit of the National Firearms Act, we

1. 26 U.S.C.A. § 5801, et seq. See 26 U.S.C.A. § 5849.

find ourselves in accord with the Third and Seventh Circuits. United States v. Kokin, 365 F.2d 595 (3d Cir. 1966); United States v. Lauchli, 371 F.2d 303 (7th Cir. 1966).

The other numerous assignments of error have been considered and are adjudged to be without merit.

Affirmed.