Leonard **LANGLEY, Jr.,** Appellant,

v.

**DISTRICT OF COLUMBIA,** Appellee.

No. 5293.

District of Columbia Court of Appeals.

Submitted March 8, 1971.

Decided May 13, 1971.

Joseph L. Gibson, Washington, D. C., appointed by this court, for appellant.

C. Francis Murphy, Acting Corp. Counsel, Richard ·W. Barton and Leo N. Gorman, Asst. Corp. Counsel, were on the brief, for appellee.

Before KELLY, FICKLING and REILLY, Associate Judges.

REILLY, Associate Judge:

This appeal, having been filed prior to the effective date of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, 84 Stat. 473, approved July 29, 1970, presents the threshold question of whether the action of the Juvenile Court drawn into issue by this appeal was a "final order or judgment" of such court within the meaning of D.C.Code 1967, § 11–741(a) (3). Unless the finding or order which is the subject of this appeal falls into this category, this court is without jurisdiction to review the matter.

Appellant was tried in the Juvenile Court, September 11, 1969, on a petition ·charging him with burglary in the second degree, D.C.Code 1967, § 22–1801(b) (Supp. III, 1970), and petit larceny, D.C.Code 1967, § 22–2202. The testimony showed that approximately nine months before trial, appellant—then 16 years of age—and another boy, were arrested by a policeman who had seen them running across dooryards in a neighborhood from which a complaint of housebreaking had just been received. After hearing the prosecution and defense witnesses (including appellant who denied any participation in the breakin and theft incidental thereto), the trial court found appellant to be "involved as charged", and released him to his mother's custody, pending further consideration as to disposition.

On February 13, 1970, a disposition hearing was held and the court ordered "cessation of jurisdiction" over appellant. A docket entry for that day described the action of the court as follows:

"Respondent having been accepted into the U. S. Army between the time of trial and disposition, the Court dismissed the case with a warning."

Appellant's trial counsel filed a notice on February 17, 1970, that he was appealing "from the judgment 'involved' " pronounced at the conclusion of the trial, September 11, 1969, and entered contemporaneously on the docket.

On appeal, it is argued that the adjudication of "involvement" should be set aside because (1) appellant's constitutional right to a speedy trial was violated; (2) his right to the assistance of counsel was substantially impaired by the lapse of time between arrest and the date an attorney was appointed for him by the court; and (3) the finding of "involved" was based on a standard of proof which fell short of being "beyond a reasonable doubt." For the reasons hereafter given, we find it unnecessary to consider any of these contentions.

When the record, briefs, and appeal papers were submitted, this court, noticing that the final docket entry in the case showed a dismissal, sua sponte raised the question of probable lack of jurisdiction, and asked counsel on both sides—neither having adverted to the issue—for memoranda on the question of appealability of the prior "involvement" finding (or judgment).

We did not find the responses particularly helpful. The corporation counsel pointed out that the action of the court on February 13th, terminating jurisdiction and dismissing the case, could and should be deemed a "final order or judgment". We have no doubt on this point, but the dismissal was not the order appealed from, for appellant was obviously not the party aggrieved thereby.

The memorandum also suggested that the possibility of mootness presented a more substantial question, but concluded that the appeal should still be entertained because of possible collateral consequences.[1] We do not reach the issue of mootness, however, as we are of the opinion that this case turns solely on the question of whether the challenged order[2] may be reviewed by this court under the controlling section of the code.

█ It is our conclusion, based not only upon the plain wording of § 11–741(a) (3), *supra,* but also its background, that the finding of "involvement" is not appealable, being neither a "final order or judgment". At common law a writ of error lay only to a final judgment or an award in the nature of a final judgment, Nashville Ry. and Light Co. v. Bunn, 168 F. 862 (6th Cir. 1909). The quoted subsection of D.C.Code 1967, providing for appeals from the Juvenile Court, is merely a restatement of that common law rule.[3] It is well established that in a criminal case, final judgment means sentence. "The sentence is the judgment." Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937); *accord,* Corey v. United States, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963); Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956). The judgment is nevertheless final if the sentence is imposed and then suspended, *Berman, supra; cf.* Ziegler v. District of Columbia, D.C.Mun. App., 71 A.2d 618 (1950), or if imposition of sentence is suspended and defendant is placed on probation, Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943), Blohm v. District of Columbia, D.C.Mun.App., 113 A.2d 111 (1955).

█ Whether there has been a "sentence", as the concept has developed in these cases, depends on whether the defendant has been subjected to judicial control. When discipline has been imposed, the defendant is entitled to review. *Kore-*

1. *See* D.C.Code 1967, § 16–2330, a new section incorporated into Title 16 by the District of Columbia Court Reform and Criminal Procedure Act of 1970, (§ 121 (a) et seq.), Pub.L. No. 91–358, approved July 29, 1970, 84 Stat. 522–545.

2. Attorney for appellant merely submitted a statement concurring in the memorandum of corporation counsel.

3. The text of § 11–741(a) (3) contrasts markedly with a recent amendment to the D.C.Code, § 16–2327, vesting this court with jurisdiction to entertain appeals from certain interlocutory orders with respect to juveniles. *See* District of Columbia Court Reform and Criminal Procedure Act, *supra,* note 1, § 121, revising ch. 23 of Title 16.

**104**

*matsu, supra,* 319 U.S. at 434, 63 S.Ct. 1124, 87 L.Ed. 1497.

On the record before us, we find no indication that defendant was subject to judicial control. At the close of trial, appellant was released in his mother's custody, a normal status for a 17 year old boy. The court imposed no requirement for reporting on either mother or son.

For aught that appears, appellant's daily routine was in no way affected by the finding of "involved" or the adjudication of being within the jurisdiction of the court. Later at disposition, appellant was dismissed with a warning. The warning can hardly be termed a sentence. Moreover there is nothing in the record suggesting that appellant's entrance into the army was accomplished at the court's behest or that appellant's performance in military service is subject to the court's control, or even observation.

Appeal dismissed.