**UNITED STATES of America**

v.

**Vernon W. MATHEWS, Appellant.**

**No. 72-1085.**

United States Court of Appeals, Third Circuit.

Argued May 22, 1972.

Decided June 6, 1972.

Joseph W. Conway, Balzarini, Walsh, Conway & Maurizi, Pittsburgh, Pa., for appellant.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before STALEY, ALDISERT and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant seeks review of his conviction under 26 U.S.C. § 7201, for income tax evasion for the years 1964, 1965, 1966 and 1967. He contends that: (1) he should have been apprised of his *Miranda* rights during the investigation of his activities by Internal Revenue Service Special Agents; (2) the government failed to prove appellant's opening net worth during the years in question; (3) after the jury commenced deliberations, it was given prejudicial exhibits which created an inference that appellant was engaged in criminal tax evasion in years prior to those involved in the indictments; and (4) appellant's expert witness should have been permitted to testi-

fy concerning the weaknesses of the net worth method of tax analysis.

We address ourselves initially, however, to the timeliness of this appeal. Appellant was found guilty by a jury on June 10, 1971. The district court, 335 F.Supp. 157, denied appellant's motions for a new trial and judgment of acquittal on December 13, 1971. Notice of appeal from this order was filed on December 22, 1971. The court imposed sentence on December 27, 1971. Appellant's counsel recognized the prematurity of his December 22 notice of appeal, and, on January 7, 1972, filed a notice of appeal "from the judgment and order . . . dated December 27, 1971."

Rule 4(b), F.R.A.P., provides: "in a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from. . . ." Here, the second notice of appeal was filed 11 days after the date of sentence. Appellant, therefore, does not, and could not, attempt to justify the jurisdiction of this court on the basis of the January 7 notice. The 10-day limitation of the period in which a notice of appeal may be filed, absent a finding of excusable neglect by the trial court, is mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); United States v. Deans, 436 F.2d 596, 599 (3d Cir. 1971).

Therefore, the jurisdiction *vel non* of this court must result from the notice of appeal filed on December 22, 1971. Clearly, as appellant's counsel himself recognized, this notice was premature because "[a]n appeal may not be taken until after the pronouncement of sentence, and must be taken promptly after sentence is imposed." Corey v. United States, 375 U.S. 169, 172, 84 S.Ct. 298, 301, 11 L.Ed.2d 229 (1963); Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377 (1956).

In an effort to circumvent this language, both in brief and at oral argument, appellant's counsel argued that the instant appeal is from the district court's order denying appellant's motions for judgment of acquittal and a new trial. But in United States v. Rizzo, 439 F.2d 694 (3d Cir. 1971), we held that an order denying a motion for judgment of acquittal was not a final appealable order. Moreover, this court has clearly held that "[n]either the order finding the accused guilty nor the order denying a new trial is an appealable final order absent any imposition of sentence." United States v. Jarrett, 439 F. 2d 1135 (3d Cir. 1971).[1]

---

1. The wellspring of authority for this well-established proposition is Berman v. United States, 302 U.S. 211, 212–213, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937), in which Chief Justice Hughes said: "Final judgment in a criminal case means sentence. The sentence is the judgment. * * * In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation . . . on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.' " See also, United States v. Bendicks, 439 F. 2d 1120, 1121 (5th Cir. 1971); United States v. Garber, 413 F.2d 284, 285 (2d Cir. 1969); United States v. Henson, 358 F.2d 721 (4th Cir. 1966); Northern v. United States, 300 F.2d 131, 132 (6th Cir. 1962).

The *Berman* rule has been scrupulously followed in this circuit, see, *e. g.*, United States v. Swidler, 207 F.2d 47 (3d Cir.

1953); United States v. Knight, 162 F.2d 809 (3d Cir. 1947). In United States v. Kokin, 365 F.2d 595 (3d Cir. 1966), however, this court did elect to proceed to the merits, despite a premature notice of appeal. But in United States v. Battista, 397 F.2d 286 (3d Cir. 1968), when we inadvertently proceeded to the merits in an appeal from the denial of a motion for a new trial, the Supreme Court denied certiorari, *sub nom.* Laris v. United States, 393 U.S. 936, 89 S.Ct. 297, 21 L.Ed.2d 272 (1968): "[I]t appearing that the order of the court below was not a final appealable order, no judgment of conviction, *sentence and commitment having been entered.* . . . [o]ur former judgment therefore was void for we were without jurisdiction to adjudicate the appeal". United States v. Battista, 418 F.2d 572, 573 (3d Cir. 1969). (Emphasis supplied.)

■ Although we find that because this appeal was not timely filed we are without jurisdiction,[2] we have examined all of appellant's contentions advanced in brief and oral argument, and we find them to be without merit.

The appeal will be dismissed for want of jurisdiction.

2. Nor can our jurisdiction rest under the ambit of the second sentence of Rule 4(b): "A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof." The situation contemplated by the second sentence of Rule 4(b) occurred in Lemke v. United States, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3 (1953). There, the Court found acceptable the filing of a notice of appeal one day after the sentence was in fact imposed, but three days before the judgment was formally entered. This is most unlike the instant case where the notice of appeal was filed before the fact of sentencing. Indeed, here the sentencing judge informed appellant's counsel that an appeal could not be taken before sentencing, and appellant's counsel agreed:

The Court: So, I trust you will advise me about whether an appeal is pending.

Counsel: I will your Honor.

The Court: As soon as possible. I know there has been one already, which I think is premature. I think the final order is the sentence here.

Counsel: I know. I went back and read the rules.