**UNITED STATES of America,
Appellee,**

v.

**Earl MILES, Appellant.**

**No. 74–1363.**

United States Court of Appeals,
Fourth Circuit.

Submitted Sept. 9, 1974.

Decided Jan. 28, 1975.

George Beall, U. S. Atty., and Andrew Radding, Asst. U. S. Atty., on brief for appellee.

Walter W. Stout, III, Richmond, Va., on brief for appellant.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM.

Earl Miles was convicted by a jury of distribution and possession of heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced to ten years imprisonment with an additional five years probation. Miles' defense at trial was that he had been entrapped. The sole issue he raises before this court is that the trial judge's instructions concerning his entrapment defense were improper. The government has filed a motion for summary affirmance and Miles seeks summary reversal. For reasons hereinafter stated, we conclude that the appeal must be dismissed for lack of jurisdiction.

Miles was sentenced on November 5, 1973. His first indication to the court that he wished to appeal his conviction was by a letter dated December 22, 1973. Rule 4(b) of the Federal Rules of Appellate Procedure provides that in direct criminal appeals, "the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of judgment or order appealed from." Upon a showing of excusable neglect, the district court may extend this time limit for an additional 30 days. Since Miles' notice of appeal was filed 47 days after sentence was pronounced upon him, he failed to comply with Rule 4(b).

It is well settled that compliance with Rule 4(b) is "mandatory and jurisdictional." United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); United States v. Mathews, 462 F.2d 182 (3rd Cir. 1972). This court is specifically precluded from enlarging the time otherwise permitted for filing a notice of appeal. F.R.A.P. § 26(b). Nor does this case contain unique facts which alone excuse noncompliance with the rule. E. g. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964).

Accordingly, the appeal is dismissed for lack of jurisdiction.