Joseph H. MORIN, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

UNITED STATES of America,
Appellee,

v.

Joseph MORIN, Appellant.

Nos. 74–1291, 74–1345.

United States Court of Appeals,
Fourth Circuit.

Submitted April 24, 1975.

Decided Aug. 7, 1975.

Joseph H. Morin, Jr., appellant pro se
in Nos. 74–1291 and 74–1345.

Brian P. Gettings, U. S. Atty., for appellee in Nos. 74–1291 and 74–1345.

Before HAYNSWORTH, Chief Judge
and RUSSELL and FIELD, Circuit
Judges.

PER CURIAM:

These are consolidated appeals from
orders of the District Court denying Joseph H. Morin, Jr.'s petition to have his
sentence for armed robbery vacated under 28 U.S.C. § 2255 and motion for a
new trial pursuant to Rule 33, Fed.R.
Crim.P. The petitions are virtually identical in substance, alleging the following
defects in Morin's conviction: (1) the
District Court denied his request for new

counsel even though his attorney showed no interest in the case and was more friendly to a codefendant who testified against him; (2) the principal evidence against him, the testimony of his codefendant, was perjured; (3) the District Court erred by refusing the jury's requests that portions of the testimony be read back to them; (4) his attorney demonstrated his antagonism by recommending that an appeal would be fruitless and by refusing to furnish to Morin his copy of the transcript; and (5) an individual who was convicted of perjury before a grand jury for concealing his knowledge of the events of the offense would now testify that Morin was innocent of the charge. These appeals followed the District Court's denial of relief.

 We note initially that we are without jurisdiction to entertain Morin's appeal from the denial of his motion for a new trial in case number 74–1345. The District Court denied Morin's motion on February 26, 1974. Rule 4(b) of the F.R.A.P. provides that denials of motions for new trials must be filed within ten days. In the absence of extraordinary circumstances, this rule is considered mandatory and jurisdictional. *E. g. United States v. Mathews* (3d Cir. 1972) 462 F.2d 182. Morin thus had until March 8, 1974 to submit his notice of appeal. His notice of appeal was not filed until March 11, 1974. While Rule 4(b) permits the District Court to extend the period for an additional 30 days upon a finding of excusable neglect, no such finding was made. Rule 26(b) specifically prohibits this Court from undertaking on its own motion to extend the time otherwise permitted for filing a notice of appeal.

 Proceeding to a consideration of the merits of Morin's appeal in case number 74–1291, we conclude that claims 1 and 4 were properly denied. We find nothing in the record to demonstrate that the trial court committed constitutional error by denying Morin's request for a new attorney. Our review of the transcript of Morin's trial reveals that his attorney ably and effectively represented his interests. The attorney's opinion that there was no reason to appeal did not show that he was biased or callous but undoubtedly was an honest appraisal of the possibilities of success. Our affirmance of Morin's conviction in *United States v. Morin,* 475 F.2d 1401 (4th Cir. 1973), sustains counsel's judgment in this regard. In addition, there is no constitutional requirement that Morin be supplied with his attorney's copy of the transcript of his trial. Morin is entitled to his own copy only upon a showing of particularized need. *Jones v. Superintendent,* 4th Cir., 460 F.2d 150, aff'd on reh., 465 F.2d 1091 (4th Cir. 1972).

 Claims 2 and 3 were dismissed on the ground that they had been raised and considered by this Court in Morin's direct appeal. From an examination of the briefs filed in that appeal, it appears that these were not among the issues raised and decided on appeal. Therefore, the petition as to these claims should be remanded for further consideration.

The petitioner, in claim 5, asserted that a Lawrence Roberts who plead guilty to a charge of perjury after denying knowledge of the robbery in question, would now name another participant in the crime in the place of Morin. The letter which the District Court received to this effect was referred to the District Attorney "for such action as he deems proper," and the petition on this ground was denied. This claim should likewise be considered on remand.

The judgment of the District Court is affirmed in part, and vacated in part, and the case is remanded as to claims 2, 3 and 5 for further proceedings.