James N. WEST, Appellant,

v.

UNITED STATES, Appellee.

No. 9252.

District of Columbia Court of Appeals.

Argued June 19, 1975.

Decided Oct. 15, 1975.

Rehearing en Banc Nov. 28, 1975.

Richard Seldin, Washington, D. C., appointed by this court, for appellant.

Joseph Guerrieri, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty.,

John A. Terry, James F. McMullin and Donald L. Abrams, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

FICKLING, Associate Judge:

This is an appeal from a contempt conviction based on appellant's failure to return to court after a lunch recess during a trial in which he was the defendant. Because this court is without jurisdiction to decide the case, the appeal is dismissed.

On November 14, 1974, a trial was begun in Superior Court in which the appellant was charged with petit larceny. During the morning of the following day, both sides rested and the case was submitted to the jury. Although the jury reached its verdict by 11 a. m., the court reconvened at 1:30 p. m. and, at that time, was informed that appellant was not present. After receiving the jury's verdict in the appellant's absence, the court ordered that a bench warrant be issued for his arrest.

On December 16, a week after the appellant was back in custody, the court held a "show cause" hearing which resulted in appellant's being found guilty of contempt. On December 18, appellant filed notice of appeal, and on January 20, 1975, he was sentenced to 30 days on the contempt conviction and 360 days on the petit larceny conviction, both sentences to run concurrently.

The government contends that this appeal was filed prematurely and, therefore, must be dismissed by this court for lack of jurisdiction. We agree.

In the instant case, the appeal was taken from the trial court's adjudication of contempt but before sentence was announced. The decision appealed from lacks the finality requisite to confer appellate jurisdiction.

D.C.Code 1973, § 11–721(a), provides in pertinent part:

The District of Columbia Court of Appeals has jurisdiction of appeals from—

(1) all *final* orders and judgments of the Superior Court of the District of Columbia . . . . [Emphasis added.]

A decision in a criminal case is final for appellate purposes only when the litigation between the parties is terminated and nothing remains but enforcement by execution of what has been determined. To create finality in a criminal case, it is necessary that there be a judgment of conviction followed by a sentence. *Berman v. United States,* 302 U.S. 211, 212–13, 58 S.Ct. 164, 82 L.Ed. 204 (1937); accord, *Corey v. United States,* 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963). In *Berman, supra,* 302 U.S. at 212, 58 S.Ct. at 166, the Supreme Court said, "Final judgment in a criminal case means sentence. The sentence is the judgment." Since an adjudication of contempt, in and of itself, is not an appealable decision,[1] this court has no jurisdiction. *See Langley v. District of Columbia,* D.C.App., 277 A.2d 101 (1971).

We must respectfully disagree with our dissenting colleague's statement that "no good purpose is served by our holding" in this case. This policy to limit appeals to those taken from final orders is particularly strong in criminal cases where "delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law." *Di Bella v. United States,*

---

1. Our dissenting colleague notes that an adjudication of contempt, like a verdict, is a "decision" properly reviewable in this court upon proper filing. We would say only that neither an adjudication of contempt nor a verdict is an *appealable* "decision" prior to sentencing.

369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L. Ed.2d 614 (1962).

■ Moreover, even if we could consider this as an appeal from the final judgment in the case, we would still be compelled to dismiss since the notice of appeal was prematurely filed. In the instant case, the notice of appeal was filed on December 18, 1974, more than a month before sentencing.

■ It is well settled that the timely filing of a notice of appeal is mandatory and jurisdictional. *United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). Our local rules of court provide:

> Notice of appeal in a criminal case shall be filed with the Clerk of the Superior Court *within ten days after entry of the judgment or order from which the appeal is taken* unless a different time is specified by the provisions of the District of Columbia Code. A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. [D.C. App. R. 4 II(b) (1); emphasis added.]

Since by the very terms of the above rule, a notice of appeal must be filed *within* ten days *after* entry of the judgment, we clearly lack jurisdiction over the instant appeal. This is consistent with *United States v.* *Mathews,* 462 F.2d 182 (3d Cir. 1972), wherein the Third Circuit held that it was without jurisdiction to decide a prematurely filed appeal. The *Mathews* court, interpreting Fed.R.App.P. 4(b) from which our own Rule 4 II(b) was taken, stated flatly that "[a]n appeal may not be taken until after the pronouncement of sentence." *Id.* at 183, *quoting Corey v. United States, supra,* 375 U.S. at 172, 84 S.Ct. 298.

Our dissenting colleague argues that this court is bound by the holding of *Belton v. United States,* 104 U.S.App.D.C. 81, 259 F.2d 811 (1958). In that case, the District of Columbia Circuit held *inter alia* that under Fed.R.Crim.P. 37(a)(2), it had jurisdiction to review a judgment of conviction even though the notice of appeal was filed after the verdict but before sentencing. We find that this court is not bound by the *Belton* decision.

■ First we find no authority for the proposition advanced by our dissenting colleague that this court, in interpreting its own procedural rules, is bound by the interpretation given to similar federal procedural rules by the District of Columbia Circuit Court, *M. A. P. v. Ryan,* D.C. App., 285 A.2d 310 (1971), the case cited in the dissent, does not require such adherence by this court. Moreover, we would note that the federal rule interpreted in *Belton* was amended in 1966, nine years after that decision.[2] D.C.App.R. 4

---

2. As it stood prior to the 1966 amendments, Fed.R.Crim.P. 37(a)(2) read in pertinent part:

> An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from . . . .

The 1966 amendments completely rewrote subdivision (a) of Rule 37. As amended in 1966, subdivision (a)(2) read in pertinent part:

> Notice of appeal by a defendant shall be filed within 10 days after the entry of the judgment or order appealed from. A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. . . . A judgment or order

is entered within the meaning of this paragraph when it is entered in the criminal docket. . . .

The Notes to the 1966 amendments indicate that the first sentence of subdivision (a)(2) was reworded to indicate the mandatory character of the provision that the notice be filed within 10 days. The Notes further indicate that the second sentence of subdivision (a)(2) was added to incorporate the holding in *Lemke v. United States,* 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3 (1953). *Lemke* held that dismissal of an appeal was not justified where the notice of appeal was filed *after sentencing but before entry of the judgment.*

The Federal Rules of Appellate Procedure became effective July 1, 1968, and made it possible to abrogate Fed.R.Crim.P. 37. What

II(b)(1) incorporates these later amendments, further weakening any precedential value of *Belton*. Accordingly, we decline to follow *Belton,* and instead agree with the holding in *United States v. Mathews, supra.*

■ Finally, our dissenting colleague is of the opinion that the premature appeal in this case should be permitted pursuant to the following language in D.C.App.R. 4 ii(b)(1):

A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

After a careful review of the history of Rule 4 II(b)(1) and its precursors,[3] we find inescapable the conclusion that, in the context of this case, the above language covers only that narrow span of time between the oral announcement of a sentence by the court and the written entry in the court docket of that sentence. The rule cannot be construed to allow a notice of appeal to be filed after conviction but before the announcement of the sentence by the trial court.

Although we do not decide the remaining issues, we have examined them and believe that they are without merit.

*Dismissed.*

NEBEKER, Associate Judge (dissenting):

I respectfully dissent from what I view to be an anachronistic overtechnical construction and an incomplete reading of our notice of appeal rule. This is not a late notice of appeal case where considerations of policy respecting timeliness and finality are controlling. We hold today that the notice of appeal was filed too early to be effective. I had thought that our jurisprudence had come too far on this point to deprive a convicted defendant of his single avenue of direct review. *See Belton v. United States,* 104 U.S.App.D.C. 81, 259 F.2d 811 (1958); *Blunt v. United States,* 100 U.S.App.D.C. 266, 244 F.2d 355 (1957). Indeed, D.C.App.R. 4 II(b)(1) followed literally Fed.R.App.P. 4(b) in its liberalization of the strictness of the former rule, Rule 37. *See Robinson v. United States,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). I respectfully submit that it is an unhealthy course to avoid direct review of a conviction when no good purpose is served and thus leave a defendant and the conviction to the hazards of collateral attack.[1]

I also submit that Rule 4 II(b)(1) should be liberally construed in favor of permitting appeals in criminal cases particularly when the accused seeks review. *Blunt v. United States, supra.* I suggest that no good purpose is served by our holding because neither the courts in their administration nor the government is prejudiced by viewing the early notice of appeal as valid for purposes of reviewing the subsequent judgment. The majority misconceives the problem, which is of its making, when it views the notice of appeal by looking backward. Judge Fickling says that "the appeal was taken from the trial court's adjudication of contempt" (at 505). He then builds an unassailable case for finality of judgment as a prerequisite to ordinary appeal (at 505). The flaw in this reasoning is that the notice of appeal should, and I believe must, be viewed as an early expression of a desire to appeal from the judgment when it becomes final. It surely cannot reasonably be viewed as an appeal from an interlocutory order (*e. g., Di Bella v. United States,* 369 U.S. 121, 82

---

had been Fed.R.Crim.P. 37(a) is now Fed.R.App.P. 4(b) from which our rule, D.C.App.R. 4 II(b), was derived.

3. See note 2 *supra.*

1. In this context I note this is not an isolated case; two others just like it pend—*Adgerson v. United States*, D.C.App. No. 9013, and *Henson v. United States*, D.C.App. Nos. 9249 and 9480.

S.Ct. 654, 7 L.Ed.2d 614 (1962)) without waiting for finality to set in.

In my view, any meaningful and proper reading of the second sentence of Rule 4 II(b)(1) would permit a valid, though premature, notice of appeal to be filed after an adjudication of contempt. After all, such ruling, like a verdict, is a "decision". My colleagues simply view that provision as going no farther than making valid a premature notice of appeal filed after sentencing but before formal entry of judgment. They fail completely to make a case against viewing a notice of appeal after verdict differently. Indeed, the majority acknowledges *Lemke v. United States,* 346 U.S. 325 at 326, 74 S.Ct. 1, 98 L.Ed. 3 (1953) (see majority opinion, note 2), but chooses to ignore its plain holding. In *Lemke,* the Court said:

> The notice of appeal filed on March 11 was, however, still on file on March 14 *and gave full notice after that date, as well as before, of the sentence and judgment which petitioner challenged.* We think the irregularity is governed by Rule 52(a) which reads "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." [Emphasis supplied.]

Surely, West's notice of appeal gave the same notice as did Lemke's.

Irrespective of the majority's desire to follow the Third Circuit,[2] I respectfully submit that under our ruling in *M. A. P. v. Ryan,* D.C.App., 285 A.2d 310 (1971), *Belton v. United States, supra,* is controlling law in this jurisdiction. We are bound to follow the holding here that

> [t]he fact that the notice of appeal was received by the clerk after the verdict and before entry of judgment thereon is an irregularity which does not affect substantial rights and should be disre-

garded. . . . [*Belton v. United States, supra,* 104 U.S.App.D.C. at 84, 259 F.2d at 814.]

*See also Lemke v. United States, supra,* and D.C.Code 1973, § 11–721(e), which commands us to "give judgment . . . without regard to . . . defects which do not affect the substantial rights of the parties." The majority says that the subsequent 1966 amendment to the Federal Rule "further weaken[s] any precedential value" of *Belton v. United States, supra.* That can hardly be since that amendment liberalized the former strict rule consistent with the holding in *Belton* and certainly not in an effort to restrict its effect. I would review the merits of the appeal directly and not in a backhanded fashion.

---

2. *See also United States v. Kokin,* 365 F.2d 595, 596 (3d Cir. 1966), a decision that was not overruled by *United States v. Mathews,* 462 F.2d 182 (3d Cir. 1972), wherein the court held that the filing of a premature notice of appeal need not prevent an appellate court from considering and deciding such an appeal on its merits.