829 F.2d 1121
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Eugene BALES, Defendant-Appellant.
 No. 86-5631.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1987.
Decided Sept. 15, 1987.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR. No. 78-20054, 79-20021, 79-20022, 79-20039)
 Robert Eugene Bales, pro se.
 Nancy C. Hill, Assistant United States Attorney, for appellee.
 Before WIDENER, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Eugene Bales was convicted, after a trial in 1979, of two counts of making a false statement, in violation of 18 U.S.C. Sec. 1014, and two counts of perjury before a grand jury, in violation of 18 U.S.C. Sec. 1623. These four counts were contained in an indictment numbered 78-20054. Prior to sentencing on these four convictions Bales entered into a plea agreement in which he agreed not to pursue post-conviction review of the aforesaid four convictions, and pled guilty to two additional charges. The guilty pleas were to one count in indictment number 79-20022 and to a charge contained in an information filed against him in number 79-20039. Bales was sentenced to terms of imprisonment totaling 12 years on No. 78-20054, and to concurrent terms on the other charges. Judgment on the convictions was entered on May 24, 1979. On August 14, 1986, Bales filed a notice of appeal.
 
 
 2
 Rule 4(b) of the Federal Rules of Appellate Procedure provides that in direct criminal appeals "the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." Upon a showing of excusable neglect, the district court has the authority to extend this time limit for an additional period of 30 days. Since Bales' notice of appeal came over seven years after entry of the judgment of conviction on May 24, 1979, he has clearly failed to comply with Rule 4(b).
 
 
 3
 It is well settled that compliance with Rule 4(b) is mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220 (1960); United States v. Miles, 510 F.2d 1362 (4th Cir. 1975). Under Fed. R. App. P. 26(b) this Court is specifically precluded from enlarging the time otherwise permitted for filing a notice of appeal.
 
 
 4
 Bales contends that he is entitled to an out-of-time appeal because he paid his trial attorney to file a notice of appeal; however, the attorney never filed it. See Kent v. United States, 423 F.2d 1050 (5th Cir. 1970) (if, in a case which has gone to trial after a plea of not guilty, defendant makes known to his counsel his desire to appeal and the request is not carried out, defendant has been denied effective assistance of counsel and is entitled to an out-of-time appeal). Bales previously raised this identical issue, as well as the other assignments of error in his informal brief, in a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255, filed July 2, 1980. The district court denied relief on all of the claims. Bales appealed the denial and this Court remanded the case for further proceedings because the transcript of the guilty plea hearing was not in the record. United States v. Bales, No. 82-6555 (4th Cir. Feb. 28, 1983) (unpublished). On remand the district court found that most of Bales' allegations concerned his conviction in 78-20054 and since he had agreed in the plea agreement to forego post-conviction review of those convictions, Bales was precluded from challenging the convictions in the Sec. 2255 proceeding. The district court also found, among other things, that the guilty pleas were entered in compliance with Fed. R. Crim. P. 11, and that Bales' counsel was not constitutionally ineffective. Bales appealed and this Court affirmed the district court's denial of relief. United States v. Bales, No. 85-6172 (4th Cir. Oct. 8, 1985) (unpublished). It is clear, therefore, that Bales has had a review on the merits of his claims.
 
 
 5
 In any event, as Bales' notice of appeal was filed more than seven years after entry of judgment, this Court is without jurisdiction to consider the merits of his appeal. Morin v. United States, 522 F.2d 8 (4th Cir. 1975).
 
 
 6
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss this appeal.
 
 
 7
 DISMISSED.