865 F.2d 1260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cephus McNEIL, a/k/a Twin, Defendant-Appellant.
 No. 88-5655.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 7, 1988.
Decided: Jan. 10, 1989.
 
 Cephus McNeil, appellant pro se.
 Benjamin Harvey White, Jr. (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, K.K. HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cephus Dixon McNeil was convicted, after a jury trial, of two counts of possession with intent to distribute heroin and two counts of distribution of heroin, in violation of 21 U.S.C. Sec. 841(a)(1). Judgment on the convictions was entered April 26, 1988. On October 5, 1988, McNeil filed a notice of appeal. We dismiss the appeal as untimely.
 
 
 2
 Rule 4(b) of the Federal Rules of Appellate Procedure provides that in direct criminal appeals "the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." Upon a showing of excusable neglect, the district court has the authority to extend this time limit for an additional period of thirty days. Since McNeil's notice of appeal came over five months after entry of the judgment of conviction on April 26, 1988, he has clearly failed to comply with Rule 4(b).
 
 
 3
 It is well settled that compliance with Rule 4(b) is mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220 (1960); United States v. Miles, 510 F.2d 1362 (4th Cir.1975). Under Fed.R.App.P. 26(b) this Court is specifically precluded from enlarging the time otherwise permitted for filing a notice of appeal.
 
 
 4
 McNeil contends that his notice of appeal is late because his attorney failed to appeal the conviction. McNeil does not allege, however, that he asked his attorney to appeal and that his attorney neglected to do so. Cf. Kent v. United States, 423 F.2d 1050 (5th Cir.1970) (if, in a case which has gone to trial after a plea of not guilty, defendant makes known to his counsel his desire to appeal and the request is not carried out, defendant has been denied effective assistance of counsel and is entitled to an out-of-time appeal). Such a claim, however, should be raised in the first instance in the district court in a postconviction motion pursuant to 28 U.S.C. Sec. 2255, on forms provided by the district court for that purpose.
 
 
 5
 Because McNeil's notice of appeal was filed more than five months after entry of judgment, this Court is without jurisdiction to consider the merits of his appeal. Morin v. United States, 522 F.2d 8 (4th Cir.1975). Although we grant leave to proceed on appeal in forma pauperis, we dismiss the appeal for lack of jurisdiction.* We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 DISMISSED.
 
 
 
 *
 In view of our disposition in this case, we deny McNeil's motion for appointment of counsel