887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Edward BLESSING, Defendant-Appellant.
 No. 89-5059.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 10, 1989.
Decided: Sept. 26, 1989.
 
 Jimmy Edward Blessing, appellant pro se.
 Thomas J. Ashcraft, Carl Horn, III (Office of the United States Attorney), for appellee.
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jimmy Edward Blessing was convicted, pursuant to his guilty plea, of a violation of 18 U.S.C. Sec. 2252(a)(2)(A).[1] Judgment of conviction was entered February 2, 1988. On March 10, 1989, over a year later, Blessing filed a notice of appeal. We dismiss the appeal as untimely.
 
 
 2
 Rule 4(b) of the Federal Rules of Appellate Procedure provides that in direct criminal appeals "the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." Upon the showing of excusable neglect, the district court has the authority to extend this time limit for an additional period of 30 days. Since Blessing's notice of appeal came over 11 months after entry of the judgment on February 2, 1988, he has clearly failed to comply with Rule 4(b).
 
 
 3
 It is well settled that compliance with Rule 4(b) is mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220 (1960); United States v. Miles, 510 F.2d 1362 (4th Cir.1975). Under Fed.R.App.P. 26(b) this Court is specifically precluded from enlarging the time otherwise permitted for filing a notice of appeal.
 
 
 4
 We note from the text of Blessing's notice of appeal that he seeks to obtain review of his sentence pursuant to 18 U.S.C. Sec. 3742(a). That section applies to offenses occurring after November 1, 1987, controlled by the Sentencing Reform Act of 1984. Because Blessing's offenses occurred prior to November 1, 1987, review of the sentence must be by way of direct appeal, which in this case is untimely, or by motions filed in the district court pursuant to Fed.R.Crim.P. 35 or under 28 U.S.C. Sec. 2255.
 
 
 5
 Because Blessing's notice of appeal is untimely, this Court is without jurisdiction to consider the merits of his appeal. Morin v. United States, 522 F.2d 8 (4th Cir.1975). We dismiss the appeal for lack of jurisdiction.[2] We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 DISMISSED.
 
 
 
 [1]
 Prohibiting certain activities relating to material involving the sexual exploitation of minors
 
 
 [2]
 In view of our disposition in this case Blessing's motion for release on bail pending appeal is denied