978 F.2d 1256
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Lee Foster, a/k/a Red, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Roger Lee Foster, a/k/a Red, Defendant-Appellant.
 Nos. 92-6499, 92-6837.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1992
Decided: October 26, 1992
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Charleston.
 Roger Lee Foster, Appellant Pro Se.
 Hunter P. Smith, Jr., Assistant United States Attorney, for Appellee.
 S.D.W.Va.
 DISMISSED.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Roger Lee Foster is serving a 151-month sentence imposed on January 5, 1990, upon a plea of guilty to operating a continuing criminal enterprise, conspiracy to commit mail fraud, and possession of a firearm by a felon. Following his conviction, Foster did not appeal his sentence. He has filed at least one 28 U.S.C. § 2255 (1988) motion, which was denied by the district court. This Court affirmed the district court's decision. United States v. Foster, No. 90-7176 (4th Cir. Feb. 25, 1991) (unpublished).
 
 
 2
 On April 13, 1992, Foster filed a "Motion to Re-Instate [sic] Appeal Rights." Foster claimed that neither his attorney nor the sentencing judge informed him of his right to appeal his sentence. For this reason, Foster claimed that he should be given another opportunity to appeal. The district court denied Foster's motion, and the appeal in No. 92-6499 followed.
 
 
 3
 Under Fed. R. App. P. 4(b), Foster had 10 days from the the date judgment in the criminal case was entered to note his appeal. He neither timely noted an appeal nor moved for an extension of time to note an appeal within the time period specified in the rule. The time periods established by Fed. R. App. P. 4 are "mandatory and jurisdictional." United States v. Robinson, 361 U.S. 220, 229 (1960); Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975). Accordingly, as the federal courts are without jurisdiction to extend the appeal time beyond the limit set forth in the rule, the district court properly denied Foster's motion.
 
 
 4
 In No. 92-6837, Foster appeals the district court's denial of Foster's application for leave to proceed in forma pauperis in No. 926499. Because of the complete absence of jurisdiction to reinstate Foster's criminal appellate rights, the appeal in No. 92-6837 is frivolous. The district court did not err in denying leave to proceed in formal pauperis. See Liles v. South Carolina Dep't of Corrections, 414 F.2d 612, 614 (4th Cir. 1969).
 
 
 5
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. Leave to proceed in forma pauperis is denied, and the appeals are dismissed.
 
 DISMISSED