7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hyginus Ikechukwu ILODI, a/k/a Ike Ilodi, Defendant-Appellant.
 No. 92-5454.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 12, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior Judge, sitting by designation. (CR-90-483-HM)
 Mark L. Gitomer, Cardin & Gitomer, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Robert R. Harding, Stephen S. Zimmerman, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Hyginus Ikechukwu Ilodi appeals his conviction of conspiracy to import heroin, 21 U.S.C.A. § 963 (West Supp. 1993), 18 U.S.C. § 2 (1988); conspiracy to distribute and possess with intent to distribute heroin, 21 U.S.C.A. § 846 (West Supp. 1993), 18 U.S.C. § 2; and importation of heroin, 21 U.S.C.A. § 952(a) (West Supp. 1993), 18 U.S.C. § 2. He also appeals his sentence, alleging that the district court erred in determining the amount of heroin attributable to him by not making specific findings. We affirm both his convictions and his sentence.
 
 
 2
 The government's evidence showed that Ilodi became involved in a Nigerian heroin importation conspiracy in 1989 as a courier. The conspiracy was headed by the Odilibe brothers and their nephews, the Okpala brothers, all of whom remained in Nigeria. They obtained heroin from Nigeria, Singapore, Thailand, and the Philippines. Ilodi's brother also worked for the conspiracy in Nigeria, and was married to the sister of one of the Okpala brothers.
 
 
 3
 Ilodi quickly graduated from being a courier to recruiting couriers and overseeing the importation of heroin into the United States. Three of his couriers were arrested in Maryland just after they brought in 850 grams of heroin in April 1989. Two of them testified at his trial. In 1990, Mr. and Mrs. Godwin Asemota were arrested in Seattle as they attempted to bring eleven kilograms of heroin into the country. Godwin Asemota was a courier recruited by Ilodi, and the couple had traveled from Alabama to Singapore where the heroin was delivered to them by two members of the organization.
 
 
 4
 Ilodi objected to admission of evidence about the attempt to import eleven kilograms through Seattle on the ground that it was a separate conspiracy and the evidence was irrelevant to the offense charged in the indictment, as well as prejudicial. After hearing the government's proffer that the Odilibes were the real source of the heroin delivered to the couriers in Singapore, the district court ruled that it was relevant to the conspiracy charged.
 
 
 5
 We find that the district court did not abuse its discretion in admitting evidence of the Seattle attempt. There was abundant evidence that it was part of the overall conspiracy rather than an independent project by Ilodi. Raymond Obilo distributed heroin to street dealers as part of the conspiracy. He testified that his heroin came indirectly from Ilodi through another conspirator, Paul Okolo. He testified that Sonny Odilibe told him beforehand that eleven kilograms were going to be brought in to the country through Seattle. When he later asked Paul Okolo about the eleven kilograms, he was told that there had been a problem with the eleven kilograms. Okolo mentioned that the whole group was involved and Sonny Odilibe was unhappy about the money lost but felt he could make it up in time, while Ilodi was not too worried because he only lost $50,000.
 
 
 6
 Ilodi correctly points out that the district court must resolve any matter which remains in dispute at sentencing. United States Sentencing Commission, Guidelines Manual, § 6A1.3 (Nov. 1991); Fed. R. Crim. P. 32(c)(3)(D). Because Ilodi challenged the amount of heroin attributed to him in the presentence report, the district court heard evidence from the government and argument on this issue. Ilodi presented no evidence. The district court then expressly found that between ten and thirty kilograms of heroin was reasonably foreseeable to Ilodi, and attributable to him for sentencing purposes. U.S.S.G. § 1B1.3, comment (n.1). Ilodi maintains that the district court's finding was clearly erroneous because it was not specific enough to permit review on appeal. We find no merit in this contention. The court's finding is supported by the evidence presented at trial and at the sentencing hearing. The district court did not clearly err in resolving the issue.
 
 
 7
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED