UNITED STATES of America

v.

Hyginus Ikechukwu ILODI.

Civil No. HNM–97–925.
Criminal No. HM–90–0483.

United States District Court,
D. Maryland.

Nov. 6, 1997.

Lynne A. Battaglia, U.S. Atty., District of Maryland, Stephen S. Zimmermann and Robert R. Harding, Asst. U.S. Attys., Baltimore, MD, for U.S.

Hyginus Ikechukwu Ilodi, pro se.

## MEMORANDUM AND ORDER

MALETZ, Senior District Judge.[1]

A jury convicted Hyginus Ikechukwu Ilodi of conspiring to import heroin in violation of 21 U.S.C. § 963, conspiring to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846, and importing heroin in violation of 21 U.S.C. § 952(a). Ilodi was sentenced to 262 months imprisonment, five years of supervised release, and a special assessment of $150. The Fourth Circuit affirmed his convictions and sentence. *United States v. Ilodi,* No. 92–5454, slip op., 1993 WL 408167 (4th Cir. Oct.12, 1993) (unpublished).

---

**1.** Of the United States Court of International Trade, sitting by designation.

Currently pending before the court is Ilodi's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (1994), *amended by* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214. Ilodi contends: (1) that he was denied the effective assistance of counsel in violation of the Sixth Amendment; (2) that an amendment to the indictment against him was a substantial one requiring resubmission to the grand jury; and (3) that count 4 of the indictment failed to charge him properly with importing heroin. For the reasons that follow the motion is denied.

## I.

Ilodi first contends that he was denied the effective assistance of counsel at trial and on appeal in violation of the Sixth Amendment. He identifies several respects in which he claims that the performance of his counsel was deficient. First, he alleges that his counsel failed to investigate the case and interview potential witnesses. Defense counsel has a duty to make a reasonable investigation or to make a reasonable decision that makes a particular investigation unnecessary. *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). However, a defendant's allegation that his attorney conducted an inadequate investigation does not warrant relief absent a proffer of what favorable testimony the witness or witnesses would have given. *Bassette v. Thompson,* 915 F.2d 932, 940–41 (4th Cir.1990), *cert. denied,* 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991). Because Ilodi has not proffered any specific testimony or other evidence that his counsel might have presented at trial, this claim must be rejected.

Second, Ilodi alleges that his counsel failed to call witnesses in his defense. He claims that "the car dealers [he] dealt with" could have testified "to the legitimacy of [his] business dealings with them." Ilodi has failed to provide any affidavits or other evidence to support his claim that "the car dealers [he] dealt with" and "certain witnesses with whom [he] had business dealings," including "Omega Imports of New York City, Fields BMW of Longwood, Flori-

da, Miss Butler Shipping & Fording Co. of Jacksonville, Florida, Tom Bush BMW and Mazda of Jacksonville, Florida, and Western Union Money Wire Transfer Division," were available to testify at his trial and that they could "explain his car exporting business." This claim is far too vague to overcome "the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Roach v. Martin,* 757 F.2d 1463, 1476 (4th Cir.), *cert. denied,* 474 U.S. 865, 106 S.Ct. 185, 88 L.Ed.2d 154 (1985).

Even if the court were to conclude that the failure to call these witnesses constituted deficient performance, Ilodi would only be entitled to relief if he could demonstrate a "reasonable probability" that presentation of the omitted evidence would have changed the result at trial. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. The government's evidence showed that Ilodi became involved in a Nigerian heroin importation conspiracy as a courier. He soon graduated from being a courier to recruiting couriers and overseeing the importation of heroin into the United States. In April 1989, three of his couriers were arrested in Maryland just after they brought in 850 grams of heroin. Two of them—Victor Oduah and Bertram Onwuebule—testified at Ilodi's trial. Raymond Obilo testified that his heroin came indirectly from Ilodi through another conspirator, Paul Okolo. In 1990, Mr. and Mrs. Godwin Asemota were arrested in Seattle as they attempted to bring eleven kilograms of heroin into the country. Godwin Asemota was a courier recruited by Ilodi. Given the substantial evidence of Ilodi's guilt, the court cannot conclude that a "reasonable probability" exists that Ilodi would not have been found guilty had testimony from "the car dealers [he] dealt with" about "his car exporting business" been presented. Accordingly, this claim has no merit.

Ilodi also alleges that he received ineffective assistance of counsel on appeal because his counsel did not provide him with a copy of the trial transcript. There is no constitutional requirement that Ilodi be supplied with his counsel's copy of the transcript of his trial. *See Morin v. United States,* 522

F.2d 8, 9 (4th Cir.1975). *See also Hooks v. Roberts,* 480 F.2d 1196, 1198 (5th Cir.1973) ("If a defendant is represented by counsel on appeal who has a copy of the trial transcript, there is no constitutional requirement that the defendant also be provided with physical custody of a copy of the transcript."), *cert. denied,* 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). Ilodi is entitled to his own copy of the transcript only upon a showing of "particularized need." *Morin,* 522 F.2d at 9. In his motion, Ilodi asserts that he "did not have the benefit of the transcripts to discover/marshal other grounds in the record." This showing is not sufficient. Ilodi may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." *United States v. Glass,* 317 F.2d 200, 202 (4th Cir.1963).

The court has considered Ilodi's contentions that his counsel 1) failed to impeach the government's witnesses; 2) "tricked" or "coerced" him into stipulating to the authenticity of certain documents; 3) waited until trial to file a motion to suppress the evidence of the importation of eleven kilograms of heroin into Seattle by Mr. and Mrs. Asemota; and 4) conceded his guilt to the probation officer in connection with preparation of the pre-sentence investigation report. None of these contentions has sufficient merit to warrant further discussion.

## II.

Ilodi next contends that an amendment to the indictment against him was a substantial one requiring resubmission to the grand jury. Before the jury began its deliberations, the court redacted the indictment against Ilodi to block out the names of the other defendants charged in the indictment. Generally, an amendment to an indictment will stand "if it does not change an 'essential' or 'material' element of the charge so as to cause prejudice to the defendant." *United States v. Bledsoe,* 898 F.2d 430, 432 (4th Cir.), *cert. denied,* 498 U.S. 986, 111 S.Ct. 521, 112 L.Ed.2d 532 (1990). " 'Essential' or 'material' elements are those which must be specified with precise accuracy in order to establish the illegality of an act." *Id.* "Deletion of matters of surplusage or

form is permitted." *Id.* Here, the amendment was simply a matter of form. The deletion of the names of the other defendants from the indictment left the elements of the charge unchanged. Ilodi was fully informed of the nature of the crimes with which he was charged. Therefore, he suffered no prejudice as a result of the amendment.

## III.

Lastly, Ilodi contends that count 4 of the indictment failed to charge him properly with importing heroin. Because Ilodi did not challenge the sufficiency of count 4 of the indictment at trial or raise this issue on direct appeal, the government argues that this claim is procedurally defaulted. A claim raised for the first time in a section 2255 motion generally is not reviewable unless the defendant demonstrates "both (1) 'cause' excusing his ... procedural default, and (2) actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). Ilodi has failed to make this showing. For that reason, the court must reject this claim. As discussed below, even if Ilodi could demonstrate "cause" and "actual prejudice" for his failure to raise this issue, the court concludes that Ilodi's claim is without merit.

Ilodi argues that count 4 of the indictment failed to charge a crime because it relies on 21 U.S.C. § 952(a), which makes it unlawful "to import into the United States from any place outside thereof, any controlled substance," but does not cite 21 U.S.C. § 960, the statute prescribing the sentence for a violation of section 952(a). An incorrect or incomplete citation of the statute is grounds for reversal of a conviction only if prejudice to the defendant can be shown. Fed.R.Crim.P. 7(c)(3). *See, e.g., United States v. Massuet,* 851 F.2d 111, 115–16 (4th Cir.1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 776 (1989); *United States v. Stinson,* 594 F.2d 982, 984–85 (4th Cir.1979). The count alleges that Ilodi "did knowingly, willfully, and unlawfully import or cause to be imported into the customs territory of the United States, from a place outside thereof, 100 grams or more of a mixture

or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of 21 U.S.C. § 952(a)." Because the indictment's text cites 21 U.S.C. § 952(a) and sets forth the elements of the offense, Ilodi was fully informed of the nature of the charge. The failure to cite 21 U.S.C. § 960, which prescribes the penalty for a violation of section 952(a), "did not mislead the defendant to the defendant's prejudice." *See* Fed.R.Crim.P. 7(c)(3).

### IV.

For the foregoing reasons, Ilodi is not entitled to relief on any of his claims brought pursuant to 28 U.S.C. § 2255. Therefore, the motion is denied.