**UNITED STATES of America, Appellee,**

v.

**Daniel C. STINSON, Appellant.**

**No. 78–5145.**

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1979.

Decided March 26, 1979.

C. T. Neale, III, Newport News, Va. (Hudgins & Neale, Newport News, Va., on brief), for appellant.

Raymond A. Jackson, Asst. U. S. Atty., Norfolk, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before BUTZNER and RUSSELL, Circuit Judges, and EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

BUTZNER, Circuit Judge:

Daniel C. Stinson appeals his conviction of nine counts involving possession of unregistered firearms, dealing in firearms without a license, and transfer of firearms without paying transfer taxes. He assigns error to the following: (1) pre-indictment delay; (2) the district court's refusal to suppress evidence obtained through electronic surveillance; (3) the court's refusal to dismiss the indictment because of pre-

trial publicity resulting from statements of government agents; (4) citation of the wrong subsection of the criminal statute in one count of the indictment; (5) insufficiency of the evidence; (6) prejudice in exposing the jury to evidence relating to a count of the indictment that was subsequently removed from the jury's consideration; and (7) prosecutorial misconduct in the facts giving rise to the first and sixth issues. Finding no reversible error, we affirm.

■ Stinson was tried one year after the government's last purchase of weapons from him. However, the only significant delay not attributable to Stinson himself was an eight-month period between the government's last purchase of weapons and the indictment.* Stinson was not placed under arrest until after the indictment. Accordingly, the sixth amendment guarantee of a speedy trial is irrelevant. *United States v. Marion*, 404 U.S. 307, 321, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The only issue is whether the delay violated Stinson's rights under the due process clause of the fifth amendment. Due process is not violated simply because the defendant is prosecuted after a substantial investigative delay. *United States v. Lovasco*, 431 U.S. 783, 796, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). This right is violated, however, if the delay actually prejudices the conduct of the defense and the government has "intentionally delayed to gain some tactical advantage" over the defendant or to harass him. *United States v. Marion*, 404 U.S. at 325, 92 S.Ct. at 466.

■ Applying the standards set forth in *Marion* and *Lovasco*, we find no denial of due process. The delay was neither lengthy nor purposeful, and it was justified by a need to continue the investigation by following leads for several months after the purchases. Indeed, two months after the purchases, the government seized a cache of weapons at Stinson's residence which required additional tracing. The government, therefore, is not to be faulted for refusing to seek an indictment immediately after the last purchase. *See United States v. Lovasco*, 431 U.S. at 795, 97 S.Ct. 2044.

■ Stinson's second claim involves the admission into evidence of the government's surreptitious recordings of Stinson's conversations with an informant and his conversation with a special agent. The informant and the agent were wired for sound and consented to the recordings. Stinson stresses the absence of any prior judicial authorization. The consent of a participant in each recorded conversation, however, makes this argument immaterial. 18 U.S.C. § 2511(2)(c); *United States v. Bragan*, 499 F.2d 1376, 1380 (4th Cir. 1974).

■ Several news reports quoting government agents regarding seizures of weapons caches and the strength of the government's case appeared in major newspapers serving the Newport News area where Stinson was subsequently tried. The content of these articles indicates a disturbing willingness of government agents to interfere with the administration of justice by making self-serving statements about pending prosecutions. However, their misconduct does not entitle Stinson to relief. The record indicates that Stinson made a motion for a change of venue and withdrew the motion when the court offered to transfer the case to Norfolk from Newport News. That withdrawal, a reasonable strategic decision of Stinson's trial counsel, waived any defect in venue. *Cf. United States v. Turcotte*, 515 F.2d 145, 150 n.11 (2d Cir. 1975). Moreover, a lack of prejudice was assured by the district court's careful questioning of the jurors and their responses indicating that none of them had prior knowledge of the case. *See United States v. Turcotte*, 515 F.2d at 150.

■ The government erroneously cited 26 U.S.C. § 5861(e) instead of § 5861(d) in count VI of the indictment. Stinson, however, has shown no prejudice as a result of the error. The count alleges that Stinson knowingly possessed a firearm "which had not been registered to him in the National Firearms Registration and Transfer Rec-

---

* Stinson sought and obtained a seven-week continuance.

985

ord." This is the precise language of § 5861(d). Thus, Stinson was fully informed of the nature of the charge. The error in referring to subsection (e) rather than (d) could not have misled him. Accordingly, the error furnishes no basis for relief. Fed.R.Crim.P. 7(c)(3); *see United States v. Brown,* 284 F.2d 89, 90–91 (4th Cir. 1960).

■ We find no abuse of discretion in the district court's permitting the jury to view a movie and other evidence relating to count X of the indictment, charging that Stinson engaged in the business of dealing in explosive materials. Count X was subsequently dismissed, and the court properly instructed the jury not to consider this evidence. The record does not sustain the claim that this evidence was so inflammatory that it tainted the conviction on other counts.

■■ We agree with the district court that the evidence was sufficient to support the conviction, and we find no merit in Stinson's remaining contentions. The judgment of the district court is affirmed.