14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mark LEWIS, a/k/a Chubb, Defendant-Appellant.
 No. 93-5240.
 United States Court of Appeals, Fourth Circuit.
 Argued October 29, 1993.
Decided December 17, 1993.
 
 1
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.
 
 
 2
 Steven Morris Askin, Askin, Burke & Schultz, for appellant.
 
 
 3
 Thomas Oliver Mucklow, Assistant United States Attorney, for Appellee.
 
 
 4
 William D. Wilmoth, United States Attorney, for appellee.
 
 
 5
 N.D.W.Va.
 
 
 6
 AFFIRMED.
 
 
 7
 Before NIEMEYER, Circuit Judge, CHAPMAN, Senior Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 PER CURIAM
 OPINION
 
 8
 Mark Lewis appeals his conviction for aiding and abetting in the distribution of crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Lewis contends the district court improperly denied a motion for judgment of acquittal based on insufficient evidence, granted the government's motion to quash a subpoena duces tecum, admitted hearsay testimony and wire tap evidence, and denied his motion to dismiss based on a violation of his right to a speedy trial. We affirm.
 
 I.
 
 9
 On January 24, 1989, West Virginia State Troopers Deborah DiFalco and Fred Wagoner were investigating the distribution of crack cocaine. Dana Draper, a confidential informant, "wired" by the troopers, drove with them to Lewis' home to purchase crack cocaine.
 
 
 10
 When Draper told Lewis he wanted to purchase some crack cocaine, Lewis directed his girl friend, Tammy Ney, to find Gabriel Jeanty, a crack dealer, for the purpose of "buying crack cocaine." When the dealer arrived, Lewis assured him that the informant was "okay," and the sale was completed.
 
 
 11
 Lewis was indicted and arrested on May 6, 1992. The district court later denied Lewis' motion to dismiss the indictment on the basis that over three years had passed between the commission of the crime and the return of the indictment.
 
 
 12
 On the first day of trial, Lewis filed a subpoena duces tecum for the dealer's immigration records. The district court granted the government's motion to quash the subpoena, citing failure to comply with regulations, including 28 C.F.R. Sec. 16.23(a).
 
 
 13
 During trial, Trooper Wagoner testified about the conversations recorded during the drug transaction at Lewis' home. Following a plea agreement, the dealer also testified for the government. Lewis objected to their testimony on the basis of hearsay, but the district court overruled the objections, holding that the evidence was an exception to the hearsay rule as statements made by coconspirators in furtherance of a conspiracy, under Federal Rule of Evidence 801(d)(2)(E).
 
 
 14
 The district court denied Lewis' motions for a directed verdict and for acquittal based on insufficient evidence. Lewis was convicted and sentenced.
 
 II.
 
 15
 First, Lewis contends there was insufficient evidence to support his conviction for aiding and abetting the distribution of crack cocaine, 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. A sufficiency of the evidence challenge must be rejected if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309 (1979); United States v. LaRouche, 896 F.2d 815, 820-21 (4th Cir.1990).
 
 
 16
 The prosecution offered the testimony of the confidential informant who testified that he purchased crack cocaine through Lewis, at Lewis' home. The informant also testified that Lewis directed his girl friend to locate the crack cocaine dealer. The informant's testimony was corroborated by the dealer and there was wire tap evidence that Lewis was present at the time of the crack cocaine sale and that Lewis participated in the transaction.
 
 
 17
 "[M]ere presence at the scene of the crime and guilty knowledge of the crime are not enough to convict a defendant of aiding and abetting." In such cases, the prosecution must show that the defendant "acted or failed to act with the specific intent to facilitate the commission of a crime by another." United States v. Head, 927 F.2d 1361, 1373 (6th Cir.1991), cert. denied, 112 S.Ct. 144 (1991).
 
 
 18
 Lewis was not merely present at the scene of the crime, but he acted with the intent to facilitate the crime. It occurred in his own home and he neither refused the informant's request nor asked him to leave. Indeed, Lewis sent his girl friend to find the dealer and encouraged him to make the sale. It is plain there was sufficient evidence to convict Lewis. See United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991) ("proof of a conspiracy may of course be by circumstantial evidence").
 
 III.
 
 19
 Lewis also argues the district court improperly denied his motion to obtain the dealer's immigration records. Although the suppression of exculpatory evidence "upon request violates due process where the evidence is material either to guilt or to punishment," Brady v. Maryland, 373 U.S. 83, 87 (1963), the accused must show the evidence sought is relevant. See Chavis v. North Carolina, 637 F.2d 213, 222-3 (4th Cir.1980). Lewis did not explain the relevance of the dealer's immigration records to his case and the district court properly granted the government's motion to quash the subpoena duces tecum.
 
 IV.
 
 20
 Lewis next asserts that the district court improperly admitted the girl friend's statement that Lewis had instructed her to find the dealer for purposes of selling crack cocaine, under Federal Rule of Evidence 801(d)(2)(E). This rule provides that a statement is not hearsay if it is made "by a coconspirator of a party during the course of and in furtherance of the conspiracy." The admission of statements of co-conspirators under the hearsay exception is reviewed under an abuse of discretion standard. United States v. Urrego-Linares, 879 F.2d 1234, 1240 (4th Cir.1989), cert. denied, 493 U.S. 943 (1989). However, the inquiry as to whether the district court made the proper preliminary determination is reviewed under a clearly erroneous standard. United States v. Leavis, 853 F.2d 215, 220 (4th Cir.1988).
 
 
 21
 We need not determine whether the district court clearly erred in concluding that the girl friend was a coconspirator. The admission of her statement was harmless. See United States v. Urbanik, 801 F.2d 692, 698-9 (4th Cir.1986). The informant testified that Lewis instructed his girl friend to find the dealer for the purpose of selling crack cocaine. She left, returned and was shortly thereafter followed by the dealer who sold the drugs to the informant. The dealer's testimony and the wire tap evidence corroborated the informant's testimony. Thus, the trier of fact could have found Lewis guilty without benefit of the statement.
 
 
 22
 Lewis also contends that the testimony by Trooper Wagoner, based on the wire tap of a conversation between the informant and dealer was inadmissible. Both were present at trial and testified without challenging Trooper Wagoner's testimony which was permissible under Rule 801(d)(2)(3).
 
 V.
 
 23
 Finally, Lewis argues that the offense for which he was convicted occurred on January 24, 1989 and he was not arrested or indicted until May 6, 1992, violating his right to a speedy trial under the Sixth Amendment. The right to a speedy trial has no application "until the putative defendant in some way becomes an 'accused.' " United States v. Marion, 404 U.S. 307, 320 (1971). Only "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge ... engage the particular protections" of the clause. Id. The delay in this case occurred before Lewis was arrested or indicted.
 
 
 24
 Lewis also contends that his due process rights under the Fifth Amendment were violated by the delay. "Due process is not violated simply because the defendant is prosecuted after a substantial investigative delay," United States v. Stinson, 594 F.2d 982, 984 (4th Cir.1979), citing United States v. Lovasco, 431 U.S. 783, 796 (1977), unless "the delay actually prejudices the conduct of the defense and the government has 'intentionally delayed to gain some tactical advantage' over the defendant or to harass him." Stinson, 594 F.2d at 984, quoting Marion, 404 U.S. at 325. Lewis has alleged no cognizable prejudice which would trigger a due process inquiry.
 
 AFFIRMED