**UNITED STATES of America**

v.

**DuBois GREEN, Appellant.**

**No. 76–1207.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 28, 1976.

Decided May 16, 1977.

Daniel B. Edelman, Washington, D. C. (appointed by this Court), for appellant.

Mary Ellen Albrecht, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Edward C. McGuire, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and ROBB, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This appeal presents only one question: whether jeopardy attaches under the Fifth Amendment when a panel of prospective jurors in a criminal case is sworn on the voir dire and a jury is selected but dismissed without being sworn for trial. The question arises from the conviction of Du-Bois Green for distribution of heroin.

Nine days before the trial which resulted in the conviction in the District Court a panel of veniremen was called and sworn on the voir dire, and a jury was selected to hear Green's case. Because a key prosecution witness was absent the court dismissed the jurors before they were sworn to try the case.[1] Green contends that the empaneling of the jury placed him in jeopardy and barred his later trial on the same charges.

---

1. The District Court administers one oath to veniremen about to undergo voir dire and a separate oath to jurors about to try a case. The oaths are as follows:

   *VOIR DIRE, Oath (Prospective jurors—not in jury box)*
   Do you and each of you solemnly swear that you will well and truly answer all questions propounded to you, So help you God?
   *OATH TO PETIT JURY, Criminal*

   Do you and each of you solemnly swear that you will well and truly try and a true deliverance make between the United States and _____, the defendant at the bar, and a true verdict render according to the evidence, so help you God?
   United States District Court for the District of Columbia, a Manual for Courtroom Clerks, attachment H (1975).

We hold that jeopardy does not attach until a jury is sworn to try the case, and accordingly we reject Green's contention.

Green bases his appeal upon the provision of the Fifth Amendment that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb . .." U.S.Const. amend. 5. The Supreme Court in interpreting the amendment has held that a defendant is not placed in jeopardy until "a jury is empaneled and sworn." *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975), *citing Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). We think the quoted language clearly refers to a jury sworn to try the case rather than to a panel sworn only for voir dire. As the Supreme Court has noted, a defendant is not placed in jeopardy until he is subjected to the risk of being convicted. *Breed v. Jones,* 421 U.S. 519, 528, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). That risk cannot arise until a jury has been sworn to try the case; until that moment, a defendant is subject to no jeopardy, for the twelve individuals in the box have no power to convict him.

Green argues that jeopardy must attach as soon as a jury has been selected even if it has not been sworn to try the case. If this were not so, he says, the government might contrive reasons for dismissing panels it found unsympathetic. Whatever merit this argument might possess in appropriate circumstances, it has no factual basis in this case.

We hold that Green was not twice put in jeopardy. The conviction is

*Affirmed.*