ON REHEARING
BOWEN, Presiding Judge.
The question presented in this case is whether the State can appeal from the order of the trial court granting the defendant’s motion to suppress improperly seized evidence where that motion is granted only after the defendant has been tried before a judge sitting without a jury but before the trial judge has rendered a judgment on the guilt or innocence of the defendant. We find that Rule 17, Temp.A.R.Cr.P., does not authorize such a post-trial appeal.
Timothy E. Hubbard was indicted for the felony offense of possession of marijuana. He filed a motion to suppress the evidence which was seized from his automobile. On January 6,1988, a hearing was held on this motion. On January 13, 1988, the defendant waived a jury trial and his case was submitted to the trial judge based on the testimony at the suppression hearing and the stipulations between the defense and the prosecution. The case was submitted to the trial judge with the understanding that the trial judge would “still have the suppression motion under consideration.” On January 21, 1988, the trial judge granted the defendant’s motion to suppress. On January 26, 1988, the State filed its notice of appeal from that ruling.
This Court, without published opinion, dismissed the State’s appeal on April 14, 1988, on motion of the defendant because the appeal was untimely in that the appeal was not from any pretrial order and the appeal was taken after the defendant had been placed in jeopardy.
The State’s right to appeal from an order of the circuit court granting a defendant’s motion to suppress is governed by Rule 17, Temp.A.R.Cr.P., which provides, in part:
“(a) Generally. An appeal may be taken by the state in a felony case to the court of criminal appeals from a pre-trial order of the circuit court (1) suppressing ... evidence, ...
“(b) Notice of Appeal: Time for Taking Pre-trial Appeal. The notice of appeal shall be filed ... within seven (7) days after the order has been entered, but in any case before the defendant has been placed in jeopardy under established rules of law.”
Rule 17 authorizes the State to appeal from orders granting motions to suppress evidence, but allows such appeals only from pretrial orders. Here, the defendant had already been tried when the suppres *673 sion order was entered, even though the trial court had not rendered judgment.
Here, the defendant had been placed in jeopardy. See generally, Annot., 49 A.L.R. 3d 1039 (1973); 21 Am.Jur.2d Criminal Law § 259 (1981). At a bench trial, jeopardy attaches when the court begins to hear evidence. Lee v. United States, 432 U.S. 23, 27, n. 3, 97 S.Ct. 2141, 2144, n. 3, 53 L.Ed.2d 80 (1977). In this case, the defendant had in fact been tried before the State filed its notice of appeal. The trial judge had heard all the evidence and had taken the case under submission. The State could not reopen its case to present additional evidence. The trial judge had no more to do except pronounce judgment.
Under these circumstances, the State had no right to appeal. “The right of appeal is considered a creature of statute in Alabama, and the statutes granting it are strictly construed.” Bell v. Alabama, 367 F.2d 243, 249 (5th Cir.1966), cert. denied, 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788 (1967). “There is no inherent or inalienable right of appeal, but such right is purely statutory.” Wood v. City of Birmingham, 380 So.2d 394, 396 (Ala.Cr.App.1980). “The State cannot appeal except upon statutory authority.” State v. Gautney, 344 So.2d 232, 233 (Ala.Cr.App.1977).
The State’s appeal was properly dismissed. Its application for rehearing is overruled.
APPLICATION FOR REHEARING OVERRULED.
All Judges concur.