**Frederick W. TURNER, Appellant,**

v.

**Bill ARMONTROUT, Warden, Appellee.**

**No. 90–1595.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1990.

Decided Jan. 7, 1991.

---

Robert H. Batts, Webster Groves, Mo., for appellant.

David Hansen, Jefferson City, Mo., for appellee.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOODS,[*] District Judge.

BEAM, Circuit Judge.

Frederick W. Turner appeals from the district court's denial of his pro se petition for writ of habeas corpus. *See* 28 U.S.C. § 2254 (1988). On appeal, Turner argues only that the state trial court erred in failing to properly instruct the jury on voluntary manslaughter, a lesser included offense of second-degree murder, of which Turner was convicted. Because we conclude that the sole claim presented by Turner does not present a constitutional question, we affirm.

Following a three-day jury trial in Lincoln County, Missouri, Turner was convicted of second-degree murder and sentenced to prison for thirty years. The conviction was affirmed by the Missouri Court of Appeals, and Turner properly exhausted all state remedies. On May 15, 1989, he filed a petition for writ of habeas corpus in the Eastern District of Missouri, arguing error on several grounds. Of relevance to this appeal, Turner argued that he was denied his constitutional right to due process because the trial court improperly instructed the jury on voluntary manslaughter, a lesser included offense of second-degree murder.[1] Turner argues that the trial court gave identical instructions on second-degree murder and voluntary manslaughter, thereby failing to instruct the jury that voluntary manslaughter differs from second-degree murder because the actor causing death acts "under the influence of sudden passion arising from adequate cause." Mo.Rev.Stat. § 565.023 (1979 & Supp.1990). After considering all of Turner's claims, the district court denied the petition on January 29, 1990. Turner filed a notice of appeal on April 6, 1990.

The state argues that we lack jurisdiction over this appeal because Turner did not file his notice of appeal within thirty days after the district court denied the petition. *See* Fed.R.App.P. 4(a). Subject matter jurisdiction, of course, is a threshold requirement which must be assured in every federal case. *Kronholm v. FDIC,* 915 F.2d 1171, 1174 (8th Cir.1990). Turner did not file a notice of appeal until the district

---

[*] The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[1] The state argues that Turner did not present this claim to the district court, and that it is procedurally barred. We liberally construe pro se habeas petitions, however, and we have no difficulty concluding from Turner's petition that he intended to challenge the trial court's instruction on manslaughter. Therefore, we consider Turner's argument on the merits.

court had denied, on March 21, 1990, his application for certificate of probable cause—well after the thirty-day time limit of Rule 4(a). That time limit is mandatory and jurisdictional. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988).

Nevertheless, Rule 3(c), which details the required contents of a notice of appeal, provides, in an amendment adopted in 1979, that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." Fed.R.App.P. 3(c). The advisory committee notes indicate that the amendment was intended to provide for liberal construction of Rule 3(c). "[S]o long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with." Advisory Committee Notes to Rule 3. *See also Torres*, 487 U.S. at 315, 108 S.Ct. at 2408 (acknowledging the advisory committee's caveat that the courts should "dispense with literal compliance in cases in which it cannot fairly be exacted"). Thus, Rule 3(c) allows some latitude in determining what constitutes a notice of appeal, provided that whatever form the notice takes, it is filed within the time limits of Rule 4(a).

At least five circuits have held that a motion for certificate of probable cause, filed by a pro se petitioner within the time limits of Rule 4(a), can serve as the functional equivalent of a notice of appeal. *See, e.g., Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir.1990) (request for certificate of probable cause can serve "double-duty" as notice of appeal), *petition for cert. filed*, Sept. 12, 1990; *Thames v. Dugger*, 848 F.2d 149, 150 (11th Cir.1988) (motion for certificate of probable cause constitutes sufficient notice of appeal for jurisdictional purposes); *McMillan v. Barksdale*, 823 F.2d 981, 982–83 (6th Cir.1987) (explaining that 1979 amendment to Rule 3(c) approves a liberal view of papers filed pro se by incarcerated petitioners); *Stevens v. Heard*, 674 F.2d 320, 322 (5th Cir.1982) (certificate of probable cause sufficient as notice of appeal if it clearly shows an intent to appeal); *Fitzsimmons v. Yeager*, 391 F.2d 849, 853 (3d Cir.) (filing of formal notice preferable, but application for certificate of probable cause sufficient), *cert. denied*, 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968). Similarly, this circuit has held that a pro se motion for leave to appeal in forma pauperis is sufficient to constitute a notice of appeal. *U.S. v. Gibson*, 568 F.2d 111, 112 (8th Cir.1978). *Accord Taylor v. Knapp*, 871 F.2d 803, 805 n. 1 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 192, 107 L.Ed.2d 146 (1989); *Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1472–73 & n. 5 (11th Cir.1984); *Smith v. Estelle*, 711 F.2d 677, 680 (5th Cir.1983), *cert. denied*, 466 U.S. 906, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1984).

Turner filed his pro se application for a certificate of probable cause on February 8, 1990, within thirty days of January 29, 1990, when the district court denied his habeas petition. Turner's application satisfied the requirements of Rule 3(c): it names the party taking the appeal, designates the judgment appealed from, and names the court to which the appeal is taken. It is clearly sufficient to give notice that Turner intended to appeal from the district court's denial of his petition for writ of habeas corpus. Thus, while the proper procedure requires that a petitioner first file a notice of appeal and then seek a certificate of probable cause, without which the appeal cannot proceed, *see Latella v. Jackson*, 817 F.2d 12, 13 (2d Cir.1987), *cert. denied*, 484 U.S. 1010, 108 S.Ct. 708, 98 L.Ed.2d 658 (1988), Turner's procedural error in waiting to file his notice of appeal until after the district court denied his application for certificate of probable cause does not deprive us of jurisdiction.

■ Turner's sole argument on appeal, however, is without merit. We held in *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir.1990) that "the failure to give a lesser included offense instruction in a non-capital case rarely, if ever, presents a constitutional question." Thus, any error committed by the trial court in this case in failing to properly instruct on voluntary manslaughter does not present a constitutional question cognizable on federal habeas review.

The judgment of the district court is affirmed.