Leslie LOMAX, Appellant,

v.

Bill ARMONTROUT, Appellee.

No. 89–2327.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1990.

Decided Jan. 8, 1991.

Peter Sadowski, St. Louis, Mo., for appellant.

Stewart Freilic, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Leslie Lomax appeals from the district court's denial of his petition for writ of habeas corpus. *See* 28 U.S.C. § 2254 (1988). On appeal, Lomax argues that the district court erred in finding that the state prosecutor did not abuse his discretion by filing a nolle prosequi after voir dire but before the jury was sworn, and in finding that he was not placed in double jeopardy by subsequent re-indictment and prosecution. We affirm.

Lomax was convicted of the capital murder of a St. Louis undercover police officer, and sentenced to prison for life without possibility of parole for fifty years. Voir dire in his trial began on August 3, 1981, and ended on August 6. Before the jury was sworn, however, the prosecutor filed a nolle prosequi, which gave no reasons for the dismissal. Lomax contends that the prosecutor dismissed the case because he thought that too many blacks were left on

the jury. Indeed, the record reflects that the prosecutor used all of his peremptory challenges to strike blacks.[1] Whatever the prosecutor's motivation, the trial court concluded that entry of the nolle prosequi was within the absolute discretion of the prosecutor. Lomax was re-indicted on August 11, 1981, and his resulting conviction was affirmed on appeal. *See State v. Lomax,* 712 S.W.2d 698 (Mo.Ct.App.1986). He then filed a petition for writ of habeas corpus in the Eastern District of Missouri. The district court denied the petition on May 8, 1989, and Lomax filed a notice of appeal on July 28, 1989.

The state argues that because Lomax did not file a notice of appeal within thirty days of the district court's denial, we have no jurisdiction over this appeal. *See* Fed.R.App.P. 4(a). Following the district court's denial, Lomax filed a pro se petition for reconsideration, citing Fed.R.Civ.P. 59(a) & (b) in the caption, and arguing that the district court erred in its reliance on specified cases. The district court denied this motion on June 21, 1989, after concluding that it was not a motion for new trial under Rule 59(a). Instead, the court found it to be a Rule 60(b) motion. "Construing petitioner's motion as a Rule 60(b) motion, the Court concludes that petitioner is not entitled to relief." The district court applied Rule 60(b) only by default; it first determined that the motion could not arise under Rule 59 because it was not served within ten days after entry of judgment. The motion was filed on May 19, 1989, more than ten days, according to the district court, after entry of judgment on May 8, 1989.

We think that the district court was mistaken in finding that the motion was not filed within ten days after entry of judg-

ment. Fed.R.Civ.P. 6(a) provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Not counting Saturday May 13, or Sunday May 14, the motion was filed nine days after the district court's denial. Thus, it cannot be said that the motion should be construed as a Rule 60(b) motion *because* it could not fall under rule 59(e). Indeed, we construe the motion as one made under Rule 59(e). As such, it tolls the running of the appeal period. *See* Fed.R.App.P. 4(a)(4) (time of appeal shall run from the entry of the order denying a new trial or granting or denying any other such motion); *Sanders v. Clemco Indus.,* 862 F.2d 161, 168 (8th Cir.1988).

Lomax, therefore, had thirty days from denial of the Rule 59(e) motion, on June 21, 1989, in which to file a notice of appeal. While the document styled "Notice of Appeal" was not filed until July 28, 1989, we have recently held, in *Turner v. Armontrout,* 922 F.2d 492 (8th Cir.1991), that a pro se application for certificate of probable cause can serve as a notice of appeal. *See* Fed.R.App.P. 3(c). In this case, petitioner filed a pro se application for certificate of probable cause on July 13, 1989, within thirty days of June 21, 1989.

Alternatively, we note that the Supreme Court held, in *Houston v. Lack,* 487 U.S. 266, 270, 276, 108 S.Ct. 2379, 2382, 2385, 101 L.Ed.2d 245 (1988), that a pro se prisoner's notice of appeal is timely filed upon delivery to prison authorities for forwarding to the court clerk. The certificate of service attached to Lomax's pro se notice of appeal is dated July 11, 1989, again, within thirty days of June 21, 1989.[2] Because Lomax's appeal was timely, we consider the merits.

---

**1.** Lomax raises an indirect *Batson* argument for the first time on appeal. Citing *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), he argues "that the prosecutor's dismissal of a jury which contained nine blacks was a last ditch effort by the prosecutor to eliminate a jury due to its racial makeup." Brief for Petitioner at 13. Thus, "the prosecutor's actions clearly violate the *Batson* principles." *Id.* at 14. Because it does not appear that Lomax raised

this argument before any court below, state or federal, we do not address it.

**2.** Petitioner properly dispatched his notice of appeal and application for certificate of probable cause at the same time—both on July 11, 1989. (One was filed with the clerk on July 13, 1989, the other on July 28, 1989.) As we noted in *Turner,* it is not proper procedure to wait until after a certificate of probable cause has been granted to file a notice of appeal. *Turner,*

Lomax raises only two arguments on appeal. He first argues that the prosecutor abused his discretion in filing the nolle prosequi after four days of voir dire, just before the jury was sworn. Missouri law is clear, however, that "the prosecutor has sole discretion to enter a nolle prosequi without interference by the trial court in which the prosecution is pending." *State v. Clark*, 711 S.W.2d 928, 934 (Mo.Ct.App. 1986). *Accord Simmons v. State*, 782 S.W.2d 771, 773 (Mo.Ct.App.1989); *Jones v. State*, 771 S.W.2d 349, 351 (Mo.Ct.App. 1989); *State v. Mahany*, 748 S.W.2d 762, 765 (Mo.Ct.App.1988). Lomax can only rely on federal cases construing Fed.R. Crim.P. 48, which provides that the government may dismiss an indictment only with leave of court. Whether Missouri law should be changed in this manner is for the Missouri legislature or the Missouri courts, not for a federal court on habeas review. *Cf. Lomax*, 712 S.W.2d at 700–03 (Pudlowski, J., concurring) (arguing for temperance of Missouri's rule giving prosecutor absolute discretion).

Lomax also argues that the re-indictment and subsequent prosecution violated the double jeopardy clause. As the magistrate correctly concluded, however, jeopardy does not attach until the jury is sworn, which it had not yet been in this case. *See Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975) ("In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn."). Because the nolle prosequi was entered before the jury was sworn, the subsequent prosecution of Lomax did not place him in double jeopardy.

The judgment of the district court is affirmed.

at 494 (citing *Latella v. Jackson*, 817 F.2d 12, 13 (2d Cir.1987), *cert. denied*, 484 U.S. 1010, 108 S.Ct. 708, 98 L.Ed.2d 658 (1988)). The rules provide only that an appeal cannot proceed "unless a district or a circuit judge issues a certificate of probable cause." Fed.R.App.P. 22(b).

Rule 22(b) does not subvert the time limits of Rule 4(a). As in most habeas cases, the judgment appealed from in this case is the district court's denial of the petition, and, absent a Rule 59 motion, the period prescribed in Rule 4(a) runs from that date.