972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steve WRIGHT-EL, Appellant,
v.
James PURKETT, Appellee.
 No. 91-3802EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1992.
Filed: August 12, 1992.
 
 Before FAGG, BOWMAN, and MORRIS S. ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steve Wright-El appeals the district court's order dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.
 
 
 2
 Wright-El pleaded guilty to two counts of theft and two counts of receiving stolen property and was sentenced as a persistent offender to concurrent nine-year sentences on each count. After exhausting his state remedies, Wright-El brought his first federal habeas action contending the Missouri Department of Corrections (MDC) was holding him beyond the time called for by his concurrent sentences. The district court denied Wright-El relief, and we dismissed his appeal. Later, after again exhausting his state remedies, Wright-El brought this habeas action, his second, contending the MDC unconstitutionally rescinded his "good-time" credit under a revised Missouri statute, Mo. Rev. Stat. § 558.041, which disallows good-time credit to persistent offenders. Wright-El contends the application of the statute to him violates the Ex Post Facto Clause because he had already been sentenced and had received his good-time credit before the statute was revised.
 
 
 3
 We need not address the merits of Wright-El's contention. Wright-El failed to file a timely notice of appeal, and thus, we do not have jurisdiction to consider Wright-El's appeal. Fed. R. App. P. 4(a); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Wright-El contends the time period for filing a notice of appeal was tolled when he filed with the district court a "Motion to Vacate and Reinstate," which if liberally construed could be considered a motion for an amendment of the district court's judgment under Federal Rule of Civil Procedure 59(e). A timely motion under Rule 59(e) tolls the time period for filing a notice of appeal. Fed. R. App. P. 4(a)(4)(iii); Lomax v. Armontrout, 923 F.2d 574, 575 (8th Cir.), cert. denied, 112 S. Ct. 60 (1991). Wright-El, however, did not file his motion within ten days of the district court's judgment as Rule 59(e) requires. Thus, his motion was not timely and did not toll the time period for filing a notice of appeal. Sanders v. Clemco Indus., 862 F.2d 161, 165, 169 (8th Cir. 1988).
 
 
 4
 Given our conclusion that we do not have jurisdiction to decide the merits of Wright-El's appeal, we need not address whether Wright-El's appeal is moot or whether his second habeas petition abuses the writ. Accordingly, we affirm the district court's order dismissing Wright-El's petition for habeas corpus. See 8th Cir. R. 47B.