On Rehearing
Jeffrey Dean McKenna petitioned this Court for a writ of mandamus directing the Jefferson Circuit Court to dismiss the capital murder indictment against him. We denied the writ of mandamus on November 15, 1994, without opinion. On December 14, 1994, we granted McKenna's application for rehearing. After rehearing his petition, we again deny the writ of mandamus.
The trial court stopped McKenna's first trial after the jury had been selected and empaneled and opening statements had been made, but before the jury had been sworn. McKenna contends that he will be subjected to double jeopardy and denied due process of law if he is put to trial before a new jury. Relying onEx parte Spears, 621 So.2d 1255 (Ala. 1993), the State argues that McKenna's double jeopardy claim is not subject to mandamus review. In the alternative, the State argues that, even if the double jeopardy claim is subject to mandamus review, jeopardy never attached because the jury was never sworn and, therefore, that McKenna will not be twice placed in jeopardy if a new jury is empaneled to hear his case.
This Court has held that an interlocutory ruling denying a motion to dismiss an indictment on double jeopardy grounds is not subject to mandamus review. See Ex parte Spears, supra. We note that even if McKenna's double jeopardy claim was properly before this Court on his mandamus petition, we could afford him no relief. It is well settled that a writ of mandamus will be issued only upon a showing by the petitioner that he has a clear legal right to it. Ex parte J. E. W., 608 So.2d 728
(Ala. 1992). The record, such as it is, does not show a clear legal right on McKenna's part to have the indictment dismissed. For purposes of double jeopardy analysis under the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, jeopardy does not attach until the jury is sworn. In Crist v. Bretz, 437 U.S. 28,37-38, 98 S.Ct. 2156, 2161-62, 57 L.Ed.2d 24 (1978), the Court stated:
 "It follows that Montana's view as to when jeopardy attaches is impermissible under the Fourteenth Amendment unless it can be said that the federal rule is not 'at the core' of the Double Jeopardy Clause. . . . In asking us to hold that it is not, appellants argue that the federal standard is no more than an arbitrarily chosen rule of convenience, similar in its lack of constitutional status to the federal requirement of a unanimous verdict by 12 jurors, which has been held not to bind the States. . . .
 "If the rule that jeopardy attaches when the jury is sworn were simply an arbitrary exercise of line drawing, this argument might well be persuasive, and it might reasonably be concluded that jeopardy does not constitutionally attach until the first witness is sworn, to provide consistency in jury and non-jury trials. Indeed, it might then be concluded that the point of the attachment of jeopardy could be moved a few steps forward or backward without constitutional significance.
 "But the federal rule as to when jeopardy attaches in a jury trial is not only a settled part of federal constitutional law. It is a rule that both reflects and protects the defendant's interest in retaining a chosen jury. We cannot hold that this rule, so grounded, is only at the periphery of double jeopardy concerns. Those concerns — the finality of judgments, the minimization of harassing exposure to the harrowing experience of a criminal trial, and the valued right to continue with the chosen *Page 991 
jury — have combined to produce the federal law that in a jury trial jeopardy attaches when the jury is empaneled and sworn.
 "We agree with the Court of Appeals that the time when jeopardy attaches in a jury trial 'serves as the linchpin for all double jeopardy jurisprudence.' . . . In Illinois v. Somerville, supra, 410 U.S. 458, at 467, 93 S.Ct. 1066, [at] 1072, 35 L.Ed.2d 425 [(1973)], a case involving the application of the Double Jeopardy Clause through the Fourteenth Amendment, the Court said that 'jeopardy "attached" when the first jury was selected and sworn.' Today we explicitly hold what Somerville assumed: The federal rule that jeopardy attaches when the jury is empaneled and sworn is an integral part of the constitutional guarantee against double jeopardy."
(Citations omitted.)
Likewise, for the purposes of double jeopardy analysis under the Alabama Constitution, Art. I, § 9, jeopardy does not attach before the jury has been empaneled and sworn. Ex parte Collins,385 So.2d 1005 (Ala. 1980).
It appears to be undisputed that the jury originally empaneled to hear McKenna's case had not been sworn when the trial court, concluding that the prosecutor could not ensure the timely presence of all of his material witnesses, ended the trial and dismissed the jury. Because jeopardy never attached during the first proceeding, McKenna's double jeopardy argument has no merit.
With regard to his contention that he was denied due process, McKenna alleges that there was misconduct on the part of the prosecutor and the trial court in connection with the decision to end the trial. McKenna also argues that the prosecutor, having heard McKenna's theory of the case presented during opening statements in that first proceeding, will have an unfair tactical advantage if the case is tried before another jury. Assuming, without deciding, that this issue is properly subject to mandamus review, we nonetheless can find no indication of misconduct on the part of either the prosecutor or the trial court. Furthermore, we have no way of knowing whether the prosecutor gained any kind of advantage from listening to the opening statement of McKenna's attorney. McKenna was accused of driving an automobile from which a passenger shot the victim. McKenna, who apparently raised no insanity defense, denied being the triggerman in the shooting. It would certainly seem logical that the prosecutor could have reasonably anticipated McKenna's apparent theory of defense — that he was totally unaware that the passenger intended to shoot the victim. A motion for a continuance is addressed to the sound discretion of the trial court, and the court's ruling on it will not be disturbed except for an abuse of discretion. See Ex parte Saranthus, 501 So.2d 1256 (Ala. 1986). McKenna has made no clear showing that the prosecutor failed to exercise due diligence to secure the presence of his witnesses, that the testimony of those witnesses would have been immaterial, or that there exists any other sound reason why McKenna should be released, as a matter of law, from the serious charge against him.
WRIT OF MANDAMUS DENIED.
SHORES, KENNEDY, INGRAM, COOK and BUTTS, JJ., concur.