Scott A. **MEYERS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 99–CO–396.

District of Columbia Court of Appeals.

Filed May 13, 1999.

---

Pamela H. Roth was on the motion of appellant for summary reversal.

Wilma A. Lewis, United States Attorney, John R. Fisher, Karla Dee Clark and Susan A. Nellor, Assistant United States Attorneys, were on the motion of appellee to dismiss appeal or, in the alternative, motion for summary affirmance.

1. Appellant's motion seeks reversal of the trial court's order and not expedited consideration of this appeal. *See Fleming v. District of Columbia,* 633 A.2d 846 (D.C.1993) (the nature of a motion is determined by the relief it seeks and not by its label or caption).

2. Appellant's invocation of the IAD is questionable since it does not appear that a detainer was ever filed in Virginia. *See United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834,

Before STEADMAN and RUIZ, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

■ This matter is before us on appellant's "motion for expedited appeal," which we construe as a motion for summary reversal,[1] and appellee's motion to dismiss appeal or, in the alternative, motion for summary affirmance.

On January 23, 1999, appellant was arraigned in the Superior Court on a charge of possession of cocaine in violation of D.C.Code § 33–541(d) (1998). Trial was set for March 23, 1999, and appellant was released on his own recognizance. On February 18, 1999, appellant was convicted and incarcerated in Virginia on charges of grand larceny. On February 26, 1999, appellant requested a final disposition of all charges pending against him in the District of Columbia pursuant to Article III(a) of the Interstate Agreement on Detainers ("IAD"), D.C.Code § 24–701 (1996).[2] Article III(a) provides, generally, that when a person who is imprisoned in one state has untried charges pending against him in another state and that state lodges a detainer, he may request a final disposition of all pending charges and expect to be tried in the foreign jurisdiction within 180 days of making the request. Upon receiving such a request, the custodial officials are to compile certain materials, including an offer of temporary custody, and are to serve them along with the request for final disposition on the prosecuting officials in the state where the charges are pending.

Accordingly, after receiving appellant's request, the Alexandria Sheriff's office

56 L.Ed.2d 329 (1978) (IAD does not apply if a detainer is not filed). *See also Tucker v. United States,* 569 A.2d 162, 167 (D.C.1990) (mere knowledge of criminal charge pending against a defendant in another jurisdiction is not enough to invoke the IAD). However, in light of our conclusion that we lack jurisdiction over this matter, we do not address the question further.

prepared a notice of incarceration, certificate of inmate status, and offer of temporary custody and served them on the United States Attorney for the District of Columbia. The United States Attorney's office did not respond, and on March 23, 1999, appellant's counsel[3] moved to dismiss the drug charge, contending that the District's non-response meant it had failed to take temporary custody of appellant in violation of Article V(c) of the IAD.[4] The Superior Court denied appellant's motion to dismiss and on March 31, 1999, this timely appeal followed.

## I.

 This court's jurisdiction is limited to appeals from "final orders and judgments of the Superior Court." D.C.Code § 11–721(a)(1) (1995). An order is final only if it disposes of all issues, all causes of action, and the whole subject matter of the case, leaving nothing for the trial court to do but execute the judgment rendered. *In re Estate of Chuong,* 623 A.2d 1154 (D.C. 1993) (en banc); *accord, West v. United States,* 346 A.2d 504 (D.C.1975). The final order rule is particularly important in the criminal context, *id.* at 505, and the only non-statutory[5] exception to the rule unequivocally recognized by this court is the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under this narrow exception, interlocutory orders are appealable if they have a final and irreparable effect on important rights of the parties. *Bible Way Church v. Beards,* 680 A.2d 419, 425 (D.C.1996). To be interlocutorily appealable in a criminal case, an order must fully dispose of a disputed issue which is separate from the merits of the action and involves an important right which will be irretrievably lost unless an immediate appeal is allowed. *Wilson v.*

*United States,* 590 A.2d 1002, 1006, *cert. denied,* 501 U.S. 1257, 111 S.Ct. 2906, 115 L.Ed.2d 1069 (1991).

Implicitly conceding that the order underlying his appeal is not final, appellant argues it is nonetheless appealable under the collateral order doctrine. He contends all three parts of the doctrine are present in this case because: (1) the trial court's refusal to dismiss the charges against him was a conclusive determination that the IAD had been adequately complied with; (2) the question of whether the IAD had been violated is completely separate from the merits of the drug charges against him; and (3) the issue will be irretrievably lost since the right at issue is his right not to be tried in the first place. The government does not specifically dispute appellant's first two contentions, but argues that the order is not appealable since it may be reviewed on direct appeal if appellant is convicted of the possession charge.

## II.

While this court has never addressed the question, other jurisdictions have held that the denial of a motion to dismiss for failure to comply with the IAD is not interlocutorily appealable under the collateral order doctrine. *See, e.g., Bunting v. State,* 312 Md. 472, 540 A.2d 805 (1988); *accord, United States v. Ford,* 961 F.2d 150, 151 (9th Cir.1992); *United States v. Hunnewell,* 855 F.2d 1 (1st Cir.1988); *United States v. Cejas,* 817 F.2d 595, 596 (9th Cir.1987). In *Bunting,* the appellant was imprisoned in Pennsylvania, and was, at his request, transported to Maryland under the IAD for a hearing on charges in that state. Through an oversight he was returned to Pennsylvania after one day of pre-trial motions; he subsequently filed a motion to dismiss contending that his re-

---

3. Appellant remained incarcerated in Virginia and did not attend the March 23rd hearing.

4. Article V(c) provides that, if the prosecuting authorities refuse or fail to take temporary custody of the prisoner or fail to try him or

her within the 180 days specified by Article III, the court where the charges are pending shall dismiss them with prejudice.

5. No statutory exception applies to this case.

turn to Pennsylvania violated the single transfer rule of Article III(d) of the IAD. The trial judge denied the motion and Mr. Bunting appealed to the Maryland Court of Special Appeals. That court, on the State's motion, dismissed for lack of jurisdiction, ruling that the order in question was not final. The Maryland Court of Appeals concurred, and in *Bunting*, affirmed the intermediate court's ruling.

■ The Court of Appeals focused on Mr. Bunting's argument that since Article III(d) prescribes dismissal as the remedy for violations of the single transfer rule, he, like the defendant in a Double Jeopardy case, had a right not to stand trial, and denying him that right would be effectively unreviewable on appeal after final judgment. *See Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The Court of Appeals noted that very few rights are analogous to the Double Jeopardy Clause's entitlement not to stand trial, and it rejected the notion that the remedy of dismissal equates to a right to avoid trial altogether. *Bunting*, 540 A.2d at 808. The court stated that the primary weakness in Mr. Bunting's argument was that virtually any right could be characterized as the right to avoid trial, and that the basic right at issue in his case was the right to not be returned to the original place of imprisonment without standing trial, not the right to avoid trial itself. *Id.* The court concluded:

> the idea that an issue is not effectively reviewable after the termination of the trial because it involves a "right" to avoid the trial itself, should be limited to double jeopardy claims and a very few other extraordinary situations. Otherwise ..., there would be a proliferation of appeals under the collateral order doctrine. This would be flatly inconsistent with the long-established and sound public policy against piecemeal appeals.

*Id.* at 809 (footnote omitted). We agree and hold that the order denying appellant's motion to dismiss for failure to com-

ply with the IAD is not interlocutorily appealable.

Appellant's argument is nearly identical to Mr. Bunting's. He too contends that he has the right not to be tried if, under Article V(c), the District of Columbia refuses or fails to take him into temporary custody or to try him within 180 days of his request for final disposition. But as *Bunting* demonstrates, appellant's rights under Article V(c) are really the right to a trial within 180 days and the corresponding right to be held by the trying jurisdiction until the conclusion of that trial. The fact that dismissal is the remedy for violation of these rights under the IAD does not make them the equivalent of the right to avoid trial, the denial of which would be unreviewable on appeal and therefore irretrievably lost. *See also United States v. MacDonald*, 435 U.S. 850, 861, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (Sixth Amendment Speedy Trial Clause does not encompass a "right not to be tried" which must be upheld before trial, "[i]t is the delay before trial, not the trial itself, that offends against the constitutional guarantee of a speedy trial").

Appellant attempts to distinguish *Bunting* by arguing that the right to avoid trial in that case was contingent upon the lesser right not to be repeatedly transferred. But in so arguing, appellant ignores that his right to avoid trial is similarly contingent upon the lesser right to have the charging jurisdiction take custody of him and try him within 180 days. Appellant next submits that the right to be taken into custody is meaningless because it is allegedly nothing more than a restatement of his right to be tried within a certain period, and as such does not confer anything not already granted elsewhere in the IAD. From this, appellant concludes that Article V(c) must confer a separate right, *i.e.*, the right to avoid trial. Because no support is offered for either the contention or conclusion, we are not persuaded that Article V(c) confers such a right.

For the foregoing reasons, appellee's motion to dismiss is granted, this appeal is hereby dismissed for lack of jurisdiction, and appellant's motion for summary reversal is denied as moot.

*So ordered.*