The State of Alabama filed this appeal after Judge Chris N. Galanos,[1] circuit judge for the Thirteenth Judicial Circuit, granted Carroll H. Sullivan's motion to dismiss the perjury charge against him. Sullivan had been indicted for first-degree perjury by the Mobile County grand jury that was convened in October 1998. Sullivan's trial was scheduled to begin on March 1, 1999. On that date a jury was empaneled and sworn, the attorneys made their opening statements, and the State called its first witness. After a lengthy discussion with the trial court, that witness invoked his Fifth Amendment right not to testify. The State immediately moved for a mistrial. Judge Galanos granted the motion and informed Sullivan that he could file a motion to dismiss the charge on the ground that to try him again would violate principles of double jeopardy. Sullivan moved to dismiss. After a hearing, Judge Galanos ruled that jeopardy had attached and that, therefore, a retrial was barred. Judge Galanos found that there was no manifest necessity for the State to move for a mistrial; thus, he held a retrial was barred on the principles of double jeopardy. The State filed a notice of appeal pursuant to Rule 15.7, Ala.R.Crim.P.
Sullivan has filed in this Court a motion to dismiss the State's appeal. He argues that Rule 15.7, Ala.R.Crim.P., does not give the State the right to appeal Judge Galanos's dismissal of the charge because, he says, the ruling was not a "pretrial" ruling within the meaning of Rule 15.7. We asked the State to respond to Sullivan's motion to dismiss. After reviewing their response, relevant caselaw, statutues, and the Rules of Criminal Procedure, we agree that the State has no right to appeal the ruling in this case.
The right of the State to appeal is governed by § 12-12-70(c) and § 12-22-91, which govern appeals by the state after a statute or ordinance has been declared invalid, and by Rule 15.7, Ala.R.Crim.P., which provides for appeals of certain pretrial rulings that are adverse to the State. See State v. Winston,591 So.2d 147 (Ala.Cr.App. 1991). Rule 15.7 states in pertinent part:
 "(a) Generally. In any case involving a felony, a misdemeanor, or a violation, an appeal may be taken by the state to the Court of Criminal Appeals from a pre-trial order of the circuit court (1) suppressing a confession or admission or other evidence, (2) dismissing an indictment, information, or complaint (or any part of an indictment, information, or complaint), or (3) quashing an arrest or search warrant. Such an appeal may be taken only if the prosecutor certifies to the Court of Criminal Appeals that the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge. A municipality may appeal any pre-trial order entered by the circuit court on trial de novo of any municipal ordinance violation, in like manner."
Here, the order dismissing the case was not a pretrial order. The case was dismissed after jeopardy had attached. Jeopardy attached when the jury was empaneled and sworn. Ex parte McKenna,655 So.2d 989 (Ala. 1995); Tomlin v. State, *Page 1127 695 So.2d 157 (Ala.Cr.App. 1996). As this Court stated in State v. Hubbard, 526 So.2d 672, 673 (Ala.Cr.App. 1988):
 "Under these circumstances, the State had no right to appeal. `The right of appeal is considered a creature of statute in Alabama, and the statutes granting it are strictly construed.' Bell v. Alabama, 367 F.2d 243, 249 (5th Cir. 1966), cert. denied, 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788 (1967). `There is no inherent or inalienable right of appeal, but such right is purely statutory.' Wood v. City of Birmingham, 380 So.2d 394, 396 (Ala.Cr.App. 1980). `The State cannot appeal except upon statutory authority.' State v. Gautney, 344 So.2d 232, 233 (Ala.Cr.App. 1977)."
This Court is without jurisdiction to consider this case because the State had no right to appeal the trial court's ruling once jeopardy had attached. Amend. No. 328, § 6.03, Alabama Constitution of 1901. This appeal is due to be dismissed.
The State, however, is not without a remedy. The appellate courts of this State have frequently stated that a petition for a writ of mandamus is the proper remedy when there is no other relief available. See Rule 21, Ala.R.App.P. Ex parte Weeks,611 So.2d 259 (Ala. 1992); Ex parte Johnson Land Co., 561 So.2d 506
(Ala. 1990); Ex parte Taylor Coal Co., 401 So.2d 1 (Ala. 1981); Exparte Hutto, 720 So.2d 1051 (Ala.Cr.App. 1998).
For the foregoing reasons Sullivan's motion to dismiss the State's appeal is granted.
APPEAL DISMISSED.
Long, P.J., and McMillan, Cobb, Baschab, and Fry, JJ., concur.
[1] Judge Galanos resigned from the bench in May 1999. *Page 1128