CHRISTIAN R. LUPI *vs.* COMMONWEALTH. July 17, 2001. *Constitutional Law, Double jeopardy. Practice, Criminal,* Double jeopardy. *Jury and Jurors.*

The petitioner, Christian R. Lupi, appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3. Lupi alleged in his petition that any further prosecution of a criminal case pending against him in the District Court Department would violate double jeopardy principles. We affirm the single justice's denial of the petition.

Lupi was charged in the Falmouth Division of the District Court Department with indecent assault and battery on a person age fourteen or over. G. L. c. 265, § 13H. On the day scheduled for trial, the proceeding began with individual voir dire questioning of the eighteen prospective jurors in the venire. As a result of that questioning, five members of the venire were excused and thirteen were determined by the judge to be indifferent. At this point, a discovery dispute arose between the parties. At the Commonwealth's request, and without objection by the defendant, the judge continued the case. The judge then excused the thirteen remaining prospective jurors in the venire.

Approximately ten days after the case was continued, Lupi filed a motion to dismiss the complaint on the ground that any further prosecution of the case would subject him to double jeopardy. The judge denied the motion. Lupi thereafter filed the G. L. c. 211, § 3, petition that is the subject of this appeal. See *Neverson* v. *Commonwealth*, 406 Mass. 174, 175-176 (1989).

"In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn." *Serfass* v. *United States*, 420 U.S. 377, 388 (1975). See *Commonwealth* v. *Super*, 431 Mass. 492, 496 (2000), and cases cited. In this case, a jury were neither empanelled nor sworn. Lupi has not yet been placed in jeopardy under Federal or Massachusetts law.[1] He would not be subject to double jeopardy if he were required to stand trial.

Lupi nevertheless contends that jeopardy attached because the jury selection process had begun (i.e., because the judge had conducted voir dire questioning under oath of the individuals in the venire). However, Lupi cites no case in which any court has held that jeopardy attaches in a jury trial before selection of the jury is complete and the jurors have been empanelled and sworn. Courts that have considered this issue have uniformly rejected the argument Lupi makes here. See, e.g., *United States* v. *Juarez-Fierro*, 935 F.2d 672, 675 (5th Cir. 1991); *Lomax* v. *Armontrout*, 923 F.2d 574, 576 (8th Cir. 1991); *United States* v. *Wedalowski*, 572 F.2d 69, 74-75 (2d Cir. 1978); *United States* v. *Green*, 556 F.2d 71, 71-72 (D.C. Cir. 1977); *Durham* v. *Wyrick*, 545 F.2d 41, 44 (8th Cir. 1976); *United States* v. *Whitman*, 480 F.2d 1028, 1029-1030 (6th Cir.), cert. denied, 414 U.S. 1026 (1973); *United States* v. *Dichiarinte*, 385 F.2d 333, 336 (7th Cir. 1967), cert. denied sub nom. *Mastro* v. *United States*, 390 U.S. 945 (1968); *Alexander* v. *Fogliani*, 375 F.2d 733, 734 (9th Cir. 1967); *Ex parte McKenna*, 655 So. 2d 989, 990-991 (Ala. 1995); *Koenig* v. *State*, 497 So. 2d 875, 881-885 (Fla. Dist. Ct. App. 1986), and cases cited;

---

[1]Lupi's motion to dismiss and G. L. c. 211, § 3, petition cited his Federal constitutional right not to be placed in double jeopardy. Massachusetts common law also provides protection against double jeopardy. K.B. Smith, Criminal Practice and Procedure § 1303, at 728 & n.3 (2d ed. 1983 & Supp. 2001), and cases cited. Lupi does not argue in his brief that Massachusetts law provides any greater protection than the Federal Constitution in the circumstances of this case.

*Shaw* v. *State*, 239 Ga. 690, 692 (1977), cert. denied, 438 U.S. 905 (1978); *State* v. *Sermon*, 404 So. 2d 261, 262 (La. 1981); *People* v. *Scott*, 40 A.D.2d 933, 933-934 (N.Y. 1972); *Fields* v. *State*, 627 S.W.2d 714, 719-720 (Tex. Crim. App.), cert. denied, 459 U.S. 841 (1982); *State* v. *Smith*, 15 Wash. App. 725, 730 (1976). See also 5 W.R. LaFave, J.H. Israel, & N.J. King, Criminal Procedure § 25.1(d), at 641 (1999) ("jeopardy attaches in a jury trial only after jury selection is complete and the judge has sworn the entire jury, including any alternate jurors"); J.G. Cook, Constitutional Rights of the Accused § 29:3 (3d ed. 1996).[2] Cf. *United States* v. *Bonilla Romero*, 836 F.2d 39, 41-42 (1st Cir. 1987).

Lupi relies unconvincingly on Justice Blackmun's concurring opinion in *Crist* v. *Bretz*, 437 U.S. 28, 38-39 (1978), and Justice Brennan's dissent from an order denying a petition for certiorari in *Rodrigues* v. *Hawaii*, 469 U.S. 1078, 1078-1081 (1984). Justice Blackmun's opinion states that he was of the view that jeopardy attaches only "at the point where the jury is sworn." *Crist* v. *Bretz*, *supra* at 39 (Blackmun, J., concurring). His concern that the Court's reasoning might be read to "support a conclusion that jeopardy attaches at the very beginning of the jury selection process," *id.* at 38, has not been shared by other courts.[3] The issue in this case is distinguishable from the issue in *Rodrigues* v. *Hawaii*, *supra*. In the present case, there was no judgment of acquittal or resolution of any factual element of the crime charged. The judge merely continued the case as the result of a discovery dispute.

The judgment of the single justice denying the petition pursuant to G. L. c. 211, § 3, is affirmed.

*So ordered.*

*J. Thomas Kirkman*, Assistant District Attorney, for the Commonwealth.

*Richard M. Russell* for the defendant.

---

[2]This court's decision in *Commonwealth* v. *Soares*, 377 Mass. 461, 491-492 & n.36, cert. denied, 444 U.S. 881 (1979), also notes that "there is no valid double jeopardy claim" to be made when a judge, during selection of the jury, dismisses jurors already selected, quashes the venire, and begins anew because of the improper use of peremptory challenges.

[3]In a unanimous decision postdating *Crist* v. *Bretz*, 437 U.S. 28 (1978), the Supreme Court repeated that "a criminal trial does not commence for purposes of the Double Jeopardy Clause [i.e., jeopardy does not attach] until the jury is empaneled and sworn." *Gomez* v. *United States*, 490 U.S. 858, 872, 873 (1989) (contrasting point at which jeopardy attaches with points at which other constitutional rights — e.g., the right to be present and the right to counsel — attach).