# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3150
_____

Rudy Butch Stanko, individually and on behalf of similarly situated prisoners,

*Plaintiff - Appellant,*

v.

Jeff Brewer, individually,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: June 3, 2021
Filed: July 12, 2021
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Rudy Stanko appeals following the district court's dismissal of his 42 U.S.C. § 1983 action. We affirm in part and remand for the district court to address one claim in the first instance.

Initially, we conclude that Stanko properly appealed the district court's order denying his motion to remand to state court, as the notice of appeal was filed after final judgment was entered. *See* Fed. R. App. P. 25(a)(2)(A); *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006). We also conclude that he adequately appealed the court's order striking his second amended complaint and dismissing the action, as Stanko's intent to appeal the judgment is apparent from his appellate filings, the order and judgment were included in the originating court documents, the appellee does not claim any prejudice from lack of notice, and the parties have fully briefed the issues. *See* Fed. R. App. P. 3(c)(4)*; Smith v. Barry*, 502 U.S. 244, 248-49 (1992); *Berdella v. Delo*, 972 F.2d 204, 207-08 (8th Cir. 1992); *Turner v. Armontrout*, 922 F.2d 492, 494 (8th Cir. 1991).

Turning to the merits, we conclude that the district court did not err in denying the motion to remand, as Stanko's amended complaint specifically asserted claims under section 1983 for violating his federal constitutional rights. *See* 28 U.S.C. §§ 1331; 1441(a); *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 906-07 (8th Cir. 2005); *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000). We also conclude that the court did not err in striking the second amended complaint, as Stanko did not seek leave or consent to amend. *See* Fed. R. Civ. P. 15(a). The amendment would have been futile in any event because an inmate cannot bring claims on behalf of other prisoners. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010); *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003); *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985).

As to the dismissal, we agree with the district court that the claims for declaratory and injunctive relief were rendered moot when Stanko was transferred. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999). We also agree that the original access-to-courts claim for damages was insufficient, as Stanko did not allege that he suffered an actual injury. *See Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008).

Liberally construing the complaint, however, Stanko raised one more claim as to which the district court made no ruling. He alleged that defendant Brewer retaliated against him for filing this lawsuit, a claim that would arise under the First Amendment. R. Doc. 1-5, at 1-3; *see Lewis v. Jacks*, 486 F.3d 1025, 1028-29 (8th Cir. 2007). The district court addressed only Stanko's claims under the Sixth Amendment and the Eighth Amendment, and did not consider a separate retaliation claim based on the First Amendment.

Accordingly, we vacate the dismissal of Stanko's retaliation claim and remand for the district court to consider that claim in the first instance. We express no view at this juncture on whether the complaint states a claim under the First Amendment or whether the claim should be dismissed for failure to exhaust administrative remedies. We affirm the judgment in all other respects.

_____