*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-CO-368

VICTOR L. COLEY, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CF3-19633-13)

(Hon. J. Michael Ryan, Trial Judge)

(Argued December 7, 2021                    Decided January 27, 2022)

*Sicilia C. Englert* for appellant.

*Anne Y. Park*, Assistant United States Attorney, with whom *Channing D. Phillips*, Acting United States Attorney, and *Chrisellen R. Kolb*, *Elizabeth H. Danello*, *Jeffrey S. Nestler*, and *Rachel A. Fletcher*, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN, THOMPSON,* and BECKWITH, *Associate Judges.*

---

* Judge Thompson was an Associate Judge of the court at the time of argument. Although her term expired on September 4, 2021, she will continue to serve as an Associate Judge until her successor is confirmed. See D.C. Code § 11-1502 (2012 Repl.). She was qualified and appointed on October 4, 2021, to perform judicial duties as a Senior Judge and will begin her service as a Senior Judge on a

BECKWITH, *Associate Judge*: Victor Coley challenges on interlocutory appeal the trial court's denial of his motion to dismiss the charges against him on double jeopardy grounds. Mr. Coley argues that jeopardy had attached when the trial court discharged his as-yet unsworn jury and that proceeding to trial would violate his Fifth Amendment protection against double jeopardy. We hold that for double jeopardy purposes, a jury is "empaneled and sworn"—and jeopardy attaches—when the trial court swears in the petit jury that will hear and decide the case. Because Mr. Coley's petit jury had not yet taken its oath, the trial court's denial of Mr. Coley's motion to dismiss did not violate his right against double jeopardy. We therefore affirm the ruling of the Superior Court.

## I.

In 2015, a jury found Mr. Coley guilty of fifteen counts related to a shooting. On appeal, this court determined that the trial court had failed to effectively mitigate the risk of jury coercion after a juror submitted a note stating, "I don't feel he did it." *Coley v. United States*, 196 A.3d 414, 419, 425 (D.C. 2018). The court reversed Mr. Coley's convictions and remanded the case for a new trial. *Id.*

---

date to be determined after her successor is appointed and qualifies.

The day before the retrial date, the government filed an ex parte motion seeking a protective order that would relieve it from its obligation to inform defense counsel of an ongoing investigation into alleged misconduct at the Department of Forensic Science (DFS), the District's independent forensics laboratory. The next day, just prior to jury selection, the court held an ex parte bench conference on the government's motion. The prosecutor disclosed that for the past month, law enforcement agencies had been investigating DFS and that Jonathan Pope, a DFS employee who had testified as an expert witness at Mr. Coley's first trial, was a subject of the investigation. The prosecutor informed the trial court that he anticipated calling a different forensic expert at Mr. Coley's retrial in order to avoid "deal[ing] with any baggage" related to Mr. Pope. The court agreed—at another ex parte bench conference the following day—that it would suspend any disclosure obligation the government had while the court considered the motion.

On the morning set for opening statements, the trial judge and counsel conferred outside the presence of the jury. At the direction of the court, the prosecutor informed defense counsel of the investigation into misconduct at DFS and provided several documents to the trial court and defense counsel. Defense counsel sought an overnight continuance to review the disclosures. The court initially agreed, noting that it was "untenable to suggest that [the court] force the

defense to go forward without them being able to actually read the materials that are at issue." The prosecutor opposed the brief continuance because an important government witness, Dennis Foster, would become unavailable the next day due to a scheduled surgery. After a recess, defense counsel stated that Mr. Foster was important to Mr. Coley's case as well. Rather than proceed without having had time to review the government's disclosures, defense counsel asked the court to discharge the jury—which had not yet been sworn—and set a new date for trial.[1] The trial court granted the request and dismissed the jury. Mr. Coley subsequently filed a motion to dismiss his case on the ground (among others) that it would violate double jeopardy to go forward with a trial. The trial court denied that motion, and Mr. Coley filed this interlocutory appeal of that ruling.

## II.

Mr. Coley argues that the trial court erred in denying his motion to dismiss because jeopardy had attached by the time the jury was discharged, notwithstanding that the court had not yet sworn the petit jury. "Denial of a motion to dismiss an indictment on double jeopardy grounds is the proper subject of an interlocutory

---

[1] Defense counsel initially stated that Mr. Coley wanted to keep the jury they had and get the trial started, but defense counsel ultimately determined that both Mr. Foster's testimony and the opportunity to review the government's disclosures before trial were critical.

appeal and receives de novo review." *Young v. United States*, 745 A.2d 943, 945 (D.C. 2000); *see Jones v. United States*, 669 A.2d 724, 728 (D.C. 1995) ("[D]enial of a motion to dismiss based on double jeopardy is immediately appealable as a collateral order, because the right not to be tried twice is nullified once a defendant is put through the trial he had a right to avoid." (citing *Abney v. United States*, 431 U.S. 651, 662–63 (1977))).

The Fifth Amendment's statement that no person "shall . . . be subject for the same offence to be twice put in jeopardy of life or limb," U.S. Const. amend. V, protects individuals from "being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187 (1957). A criminal defendant's protection against double jeopardy attaches at the moment a jury is "empaneled and sworn." *Serfass v. United States*, 420 U.S. 377, 388 (1975); *Martinez v. Illinois*, 572 U.S. 833, 834 (2014). Courts have consistently understood an "empaneled and sworn" jury to refer to the jurors who are sworn to try the case and determine a defendant's guilt or innocence. *See, e.g.,* *United States v. Green*, 556 F.2d 71, 72 (D.C. Cir. 1977); *Lupi v. Commonwealth*, 750 N.E.2d 1013, 1014–15 (Mass. 2001) (collecting cases).

Mr. Coley nevertheless contends that the Supreme Court's use of the phrase

"empaneled and sworn" could signify the members of the venire, who take an oath to be truthful during jury selection, as opposed to the petit jury—that is, the jurors selected to decide the case—who swear to deliberate based on the evidence presented and the law as instructed. In Mr. Coley's view, this court has not formally adopted the rule that a jury is "empaneled and sworn" when the petit jurors take their oath before trial. Because the court is not bound by other courts' interpretations of Supreme Court precedent, he says, it should now hold jeopardy attaches at the swearing of the venire.

To the extent it was not clear before, we align ourselves with those courts, including the U.S. Court of Appeals for the District of Columbia Circuit, that have specifically held that "until a jury has been sworn to try the case . . . a defendant is subject to no jeopardy, for the twelve individuals in the box have no power to convict him." *Green*, 556 F.2d at 72. This is the moment when a jury is "empaneled and sworn" and thus when jeopardy attaches. *See Serfass*, 420 U.S. at 388. Mr. Coley calls our attention to no contrary precedent. Because Mr. Coley's unsworn jury "had no power to convict him," *Green*, 556 F.2d at 72, he is not in danger of being twice placed in jeopardy.[2]

---

[2] Mr. Coley also argues that his motion to dismiss should have been granted because the government's late disclosure caused Mr. Coley to choose between

We affirm the Superior Court's denial of Mr. Coley's motion to dismiss.

*So ordered.*

---

continuing the case—and losing his jury—or proceeding without having adequate time to review the information disclosed by the government. To the extent that this argument is properly understood as part of the double jeopardy analysis, it fails for the reasons stated above. Mr. Coley frames it, however, as a separate challenge and contends that the government's conduct forced him to forgo his "valued right to have his trial completed by a particular tribunal." *Arizona v. Washington*, 434 U.S. 497, 503 (1978) (quoting *Wade v. Hunter*, 336 U.S. 684, 689 (1949)). Mr. Coley does not analyze our case law limiting interlocutory appeals in criminal cases to orders that "fully dispose of a disputed issue which is separate from the merits of the action and involves an important right which will be irretrievably lost unless an immediate appeal is allowed." *Meyers v. United States*, 730 A.2d 155, 157 (D.C. 1999). In light of this precedent, we lack jurisdiction to consider the merits of this argument at this juncture.